## South Chester Borough *v.* Garland et al., Appellants.

*Municipal lien—Farm land—Question for jury —Statutes.*

On a scire facias sur municipal lien for curbing, grading and paving, where the defendant claims that his land is rural, the question whether the land is rural or farm land, deriving no special advantage from the improvement made, is a question of fact for the jury.

The borough of South Chester was incorporated by the act of March 12, 1870, P. L. 413, and expressly made subject to the general borough act of April 3, 1851, P. L. 307. It also became subject to the two special acts of April 3, 1872, P. L. 768, and February 24, 1873, P. L. 158, relating to municipal claims and taxes. *Held*, that these acts taken together constituted a system for the enforcement of municipal claims, adequate to sustain liens filed for grading, curbing and paving sidewalks.

*Municipal liens—Interest.*

Where municipal claims are to be paid in installments, interest is allowed on each installment as it falls due.

Argued February 7, 1894. Appeals, Nos. 141, 142, 143, 144, 145 and 146, by defendants, Joseph Garland et al., from judgment of C. P. Delaware Co., June T., 1893, Nos. 11, 13, 14, 15, 16, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur municipal lien.

At the trial it appeared that defendants' land consisted of a tract of fifteen acres in the borough of South Chester. Lamokin street bounded the property on the east, and Flower street on the west. Three of the liens were for curbing, grading and paving sidewalks on Lamokin street, and the other three were for paving on Flower street. The lands against which the liens were filed were described as separated by Sixth, Seventh and Eighth streets. These streets were not opened. The liens were filed March 24, 1885, and alleged that the work was done Nov. 5, 1884, but did not designate under what acts they were filed.

The court, under objection and exception by defendants, permitted plaintiff to give in evidence so much of the liens as related to curbing and grading. [7]

Defendants' points were, among others, as follows:

" 1. The liens under which the suits are brought cannot be maintained under the general borough act of April 3, 1851, because the requirements of that act as to the time within which the lien should be filed, the names of the occupiers, or the particulars of the labor and materials have not been complied with. *Answer :* I charge, as I stated before, that you are not to decide the case under any one of these acts, but under all the acts relating to the borough of South Chester." [1]

" 2. The liens cannot be maintained under the charter act of March 12, 1870, because the third section of that act, relating to liens, is unconstitutional, in that the subject-matter of the section is not expressed in the title." Refused. [2]

" 4. The liens are not supported by the act of March 12, 1870, because it does not appear that any loan was created, to pay which the special tax now sought to be recovered was levied, nor that the paving was done upon the written application of two thirds in number or extent of ownership of abutting property owners. *Answer :* I decline to affirm this point." [3]

" 5. The liens for ' paving ' cannot be maintained under the provisions of the act of April 3, 1872, and its supplements. *Answer :* I decline to affirm that point. As I stated before, all the laws are to be read together, and the liens may be maintained so far as their form and preliminary requirements of the law are concerned." [4]

" 7. The plaintiff is not entitled to recover interest upon the liens filed.  *Answer :* I have said to you upon that point all that I deem necessary.  The borough must pay the interest, according to the act of assembly.  The lot-holder must pay the principal in ten annual installments, and until the installments are due no interest is to be allowed.  Interest is to be allowed as each installment falls due for the time it has been withheld." [5]

12. Request for binding instruction.  Refused.  [6]

Verdict and judgment for plaintiff.  Defendants appealed.

*Errors assigned* were (1–6) instructions as above; (7) ruling; quoting them.

*O. B. Dickinson,* for appellants, cited : Borough v. Siggins, 110 Pa. 291 ; Union Pass. Ry. Ap., 81* Pa. 91.

*Geo. B. Lindsay,* for appellee, cited : Lukens v. City, 13 W. N. C. 86 ; Keith v. City, 24 W. N. C. 115 ; Act of May 22, 1883, P. L. 39 ; Robb v. Connellsville Borough, 137 Pa. 42 ; Smith v. Kingston Borough, 120 Pa. 357 ; Brewster's Practice, 312 ; Phila. v. Richards, 23 W. N. 339 ; City v. Wood, 4 Phila. 156 ; Erie v. Bootz, 72 Pa. 197 ; Delaney v. Gault, 30 Pa. 63.

OPINION BY MR. JUSTICE FELL, May 31, 1894 :

The proceeding in the court of common pleas was to recover the amount of six liens filed by the borough of South Chester against the property of the defendants.  Three of the liens were for curbing, paving and grading, and three were for paving only.  The first ground of defence was that the lands of the defendants were rural or farm lands, and not subject to special liens for municipal improvements ; the second, that the liens were not filed within the time allowed by the general borough law of 1851, and were not authorized by any of the special acts relating to South Chester.

Whether the land was rural or farm land deriving no special advantage from the improvement made, was a question of fact for the jury.  It was submitted with full and careful instructions, and the exception upon this point was not pressed in the argument, and cannot be sustained.

The borough of South Chester was incorporated by act of March 12, 1870, and expressly made subject to the general borough act of April 3, 1851 ; and it has since become subject to two special acts, one of April 3, 1872, and the other of Feb. 24, 1873, relating to municipal claims and taxes.

There is no repealing clause in any of these acts, and they all stand except as to parts repealed by necessary implication. Taken together they constitute a system for the enforcement of municipal claims which, while wanting in clearness and compactness, is still harmonious and complete, and adequate to sustain the liens filed in these cases.

Interest was properly allowed upon the installments from the time they became due, and we find nothing in the assignments of error requiring a reversal.

The judgment is affirmed.