# The Burgess and Town Council of the Borough of Norris-town v. Ellen K. Fornance, Owner Appellant.

*Municipal liens—Curbstone—Front foot rule—Question for jury.*

The question whether property sought to be charged with municipal improvements is urban or rural is one of fact and usually for the jury.

When, therefore, under conflicting testimony the court below submits the question to the jury in a fair and impartial charge telling them if they found the land to be rural their verdict should be for the defendant the court will not disturb the verdict.

*Practice, C. P.—Defects in lien—Motion to strike off is the proper remedy.*

When a defendant pleads to a sci. fa. sur municipal lien and goes to trial without objection to the form it is too late, after verdict, to allege that the lien is defective in not stating the nature and value of the work and ma-terials as distinct items. For defects in the lien the proper practice is to move to strike off the lien.

*Practice, Super. Ct.—Insufficient assignments—Rule XV.*

A specification of error which alleges: " The court erred in allowing

witnesses to testify that the highest value that this property has in the market is for building purposes," is not a proper assignment of error under Rule XV of the Superior Court in that it does not inform the court in the assignment what evidence was improperly admitted.

*Practice, Super. Ct.—Defective assignments.*

An assignment is defective which alleges error in allowing amendment of a municipal lien after verdict, and which does not inform the appellate court what was the nature of alleged amendment.

Argued Dec. 10, 1895.    Appeal No. 10, Nov. T., 1895, by defendant, from judgment of C. P. Montgomery Co., March T., 1893, No. 66, on verdict for plaintiff.    Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, MCCARTHY and ORLADY, JJ.    Affirmed.

Sci. fa. sur municipal claim for curbing.    Before SWARTZ, P. J.    Verdict for $279.82, and costs.

The facts appear from the following extract from the charge of the court below:

Gentlemen of the Jury: The case we are trying is a suit upon a municipal lien.    The borough of Norristown, through Mr. Landes, erected curbstones along the front of some of the property of the defendant, and the borough now seeks a verdict at your hands for the curbstone furnished and for setting the same.    What are the surroundings of this case ?    The land that is covered by the lien fronts on the main street of the borough of Norristown.    It extends from Buttonwood street to what has been termed Hamilton street, a distance of about four hundred feet, perhaps something less.    That is the tract of land against which this lien was filed.    It is part of a larger tract containing about eighty acres, divided into two nearly equal parts by Marshall street, so that about forty acres are included in the square bounded on one side by Main street, another by Forest street, a third by Marshall street, and a fourth by Buttonwood street, and this tract adjoins or fronts on Buttonwood street and Main street.    Notice was given by the town council to construct this curb.    It was not done by Mrs. Fornance, and it was then that the borough undertook to do it, and after it was done a lien was filed, and that lien was not discharged ; that is, payment was not made for the curbing for sixty days, and therefore the borough claims not only the amount of the

curbing, but a penalty of twenty per cent provided for by the acts of assembly.

*Errors assigned* were, (1) in allowing witnesses to testify that the highest value that this property has in the market is for building purposes.

(2) In charging the jury as follows: "It is not a farm necessarily because the owner may use it for farming purposes."

(3) But the question is not in this case whether the whole tract used as a farm is a farm. That is not the question before you, but the question is to be confined to this particular tract against which the lien is filed.

(4) The question is, was this land, fronting four hundred feet on Main street and extending back to what would be Airy street if opened, town lots, or was it farm land when the curbing was done.

(5) It is not a question for what purpose she was using it or what purpose she intended to put it to.

(6) Was it in fact an improvement to the property special to this property because of its location and because of its nearness to the actually built-up part of the town, because it was part of the town.

(7) So far as the curb is along Main street, that part of the curb you may allow for if you find the plaintiff is entitled to recover.

(8) In refusing to affirm defendant's second point, as follows: "If the jury find as a fact that Hamilton street was not ordered by the court to be opened until after the time the curbing mentioned in the lien was done, there can be no recovery by the plaintiff for any curbing mentioned in the lien, set in Hamilton street, or in front of its intersection with Main street." *Answer*: This is refused but to a certain extent it is true. So far as it relates to the return curb on Hamilton street, as I have already explained, that is for fifteen feet and nine inches, the borough is not entitled to recover, even if it is entitled to recover for the other part of the curbing.

(9) In charging the jury as follows: "If you find that the only reason why this five feet of curb was not put there was because it could not be put there by reason of the inlet, because there was no necessity for it, that does not make this two distinct tracts

of land or two lots, and that fact of itself would not be suffi-
cient to demand two liens to be filed by the borough.   It is one
tract, and simply because there is an inlet there, where no curb-
ing was necessary, does not so subdivide this property as to de-
mand two liens."

(10) In refusing to affirm defendant's fourth point, as fol-
lows: " If the jury find as a fact that the plaintiff did not set
curb in front of and opposite to the entire tract of land described
in the lien, but only in front of and opposite to portions of it,
separated by a tract of land some five feet wide in front of which
no curb was set by plaintiff within six months prior to filing the
lien, the lien cannot be a joint one on the whole property, and
the plaintiff cannot recover." *Answer:* I cannot affirm this
point so far as it has any application to the case we are trying.
The uncontradicted evidence is that the curb extended along
the front of the entire lot except for a distance of about five
feet, where no curb could be placed or was not needed because
of the water inlet.

(11) In charging the jury as follows : " I find nothing in the
act of assembly that requires the lien in a case like this to spec-
ify the amount of material as distinguished from the amount
for labor.   But even if it did so require, and if this is a neces-
sary element in the case, that is, if it was the duty of the bor-
ough to itemize its claim, it is now too late to take advantage
of that matter, because the parties having gone to issue and to
trial, that cannot be considered."

(12) In refusing to affirm defendant's fifth point as follows
" If the jury find as a fact that the amount claimed in the lien is
for labor as well as for materials, and that the plaintiff furnished
not only materials as alleged in the bill of particulars of the
lien, but also furnished work, the distinct items of which, and
their nature, value and amount, the plaintiff omits to specify in
the lien, the plaintiff cannot recover." *Answer:* This is refused.
As I have already explained to you, it is too late to make this
point.

(13) In refusing to affirm defendant's sixth point, as follows :
" If the jury find that the lien omits to state the amount, nature
and value of the work and materials as distinct items, the plain-
tiff cannot recover." *Answer:* This is also refused for the rea-
sons already given.

(14) In refusing to affirm defendant's seventh point, as follows: "Under all the evidence the verdict must be had for the defendant." *Answer:* This is refused. It is for you to say the plaintiff shall recover in this case or not.

(15) The court erred in allowing an amendment to be made to the lien over six months after the final verdict and more than two years after the lien was filed.

*J. A. Strassburger,* for appellant.—As to assignments (1–6): Farm land not liable. Rural property is not subject to municipal lien.

It is for the jury to determine whether land is farm land: South Chester v. Garland, 162 Pa. 91; McKeesport v. Soles, 165 Pa. 628.

The court should have instructed the jury that the use of the land liened determined its character.

Property situate in a rural district and used as farm land cannot be assessed according to the "front foot rule" for improvements to a public avenue on which it abuts: Scranton v. Pa. Coal Co., 105 Pa. 445.

The court should not have instructed the jury to consider the part liened as separated from the rest of the farm, unless it was plotted into lots, or was actually separated by improvements, or was cut off by a street actually opened for public travel. Hamilton street was ordered open at the town council's request, after this curb was set. An unopened street is not recognized by the court: Moyamensing v. Erwin, Purdon of 1883, p. 1205, note (not reported): Philadelphia v. Collom, 1 W. N. C. 160; Philadelphia v. Cuthbert, 4 W. N. C. 263. Hamilton street is not yet actually opened. It is not graded and is not made passable for public travel.

As to assignments (9, 10, 15): Defective lien against land not curbed.

Where curbing and paving is done opposite lands owned by one person but divided into several lots, each lot is subject to a lien for the work done in front of it; the lien is not a joint one against the whole property: Pennell's Appeal, 2 Pa. 216.

Where claimant can specify the particular work done to each house, he must file separate claims: Thorn v. Shaw, 5 Leg. & Ins. R. 19.

This lien was filed under the act of assembly of April 11, 1840, section 7. No authority to amend is there given. The act of April 28, 1858, P. L. 387, allows the amendment of municipal liens. It is a general law: Allentown v. Hower, 93 Pa. 332. But it allows amendments only before or at the trial. After the verdict it was too late to amend.

Amendment of mechanic's lien after judgment is improper: Knox v. Hilty, 118 Pa. 430.

As to assignments (11, 12, 13): Defective lien, not itemizing labor and materials.

"Municipal claims require substantially the same precision which those of mechanics and material men require:" Phila. v. Sutter, 30 Pa. 53.

Must state claim with precision: Philadelphia v. Flanig, 3 Phila. 458.

A mechanic's lien for work and materials must state the amount of each as a distinct item: Noll v. Swinford, 6 Pa. 187.

A mechanic's lien which omits to state the nature and value of the work done and the kind and amount of materials furnished, is incurably defective: Singerly v. Cawley, 26 Pa. 248.

Under plea of payment it is too late to object to irregularity in the lien, but here the general issue was pleaded.

A mechanic's lien defective on its face is a nullity: Bolton v. Johns, 5 Pa. 145.

*Irvin P. Knipe,* acting borough solicitor for appellee. — Whether the land was rural or farm land was a question for the jury, as admitted by appellant who cites on this point: South Chester v. Garland, 162 Pa. 91; McKeesport v. Soles, 165 Pa. 628.

A tract of forty-two acres having a market value of $1,500 per acre can hardly be called farm land: Borough of Jenkintown v. Firmstone, 9 Montgomery Co. Law Reporter, 173; Incorporation of Duquesne Borough, 147 Pa. 58.

A very important fact . . . . was the division of the property on the opposite side of the street into lots and dwellings. Ordinarily, such fact would be controlling evidence of the extension of the town to that neighborhood: McKeesport v. Soles, 165 Pa. 628.

In Michener v. Philadelphia, 118 Pa. 535, it was repeated

that councils were to be the sole judges of the necessity for municipal improvements, and a line of cases is collated: Findley v. Pittsburg, 10 Cent. R. 328; Borough of Jenkintown v. Firmstone, 9 Montgomery Co. Law Reporter, 173; Pepper v. Philadelphia, 114 Pa. 96.

Assignments of error Nos. 2, 3, 4, 5, 6, 7 are of little force because based upon disconnected sentences. taken from the court's charge.

Exceptions 7 and 8.

All the cases cited by appellant's counsel to sustain these exceptions are common pleas orders discharging motions for judgment for want of sufficient affidavits of defense, and in none was an opinion filed. In Moyamensing v. Erwin (Purdon, 2d ed., 1893, 1205), the entire record is lost; in Philadelphia v. Collum, 1 W. N. C. 160, the matters of defense were so numerous and varied as to give no definite information on the ruling point; while Philadelphia v. Cuthbert, 4 W. N. C. 263, has no application to this case, and was besides ruled by a local custom in Philadelphia.

The proper mode to take advantage of such a defect is by motion to strike off the claim from the record: Lehman v. Thomas, 5 W. & S. 262; Lybrandt v. Eberly, 36 Pa. 347; Lee v. Burk, 66 Pa. 336; Fahnestock v. Speer, 92 Pa. 146.

The judgment will not be arrested after verdict for such an irregularity: Ferguson v. Vollum, 1 Phila. 181; Lee v. Burk, 66 Pa. 146.

It is waived by pleading to the scire facias: Howell v. Philadelphia, 38 Pa. 471; Lybrandt v. Eberly, 36 Pa. 349; Lee v. Burk, 66 Pa. 336; St. Clair Coal Co. v. Martz, 75 Pa. 384.

Appellant's arguments and the cases cited scarcely sustain exceptions Nos. 11, 12, 13: Philadelphia v. Richards, 124 Pa. 303; Twenty-eighth Street Sewer, 158 Pa. 464.

OPINION BY WILLARD, J., January 20, 1896:

In the year 1892 the authorities of the borough of Norristown in order to perfect one of its principal streets, known as Main street, and render it in keeping with the advance of the borough in other respects (under the provisions of the act of assembly in such cases made and provided), directed the curbing of said street on both sides thereof. The property owners interested

complied with the reasonable terms of the direction with the exception of the appellant. After due notice and refusal on her part, the authorities of Norristown caused the street in front of her property to be suitably curbed, and filed a lien for the collection of the cost of the curbing together with the statutory penalty against so much of her property as was affected and benefited thereby. Upon this lien a writ of scire facias was duly issued and on September 9, 1893, the appellant plead to the scire facias and an issue was made up. Under the issue thus raised, after two trials, on December 11, 1894, a verdict was rendered against appellant for the costs of the curbing and the penalty.

In the court below the appellant contended that her land against which the lien was filed was .farm land or suburban property and not subject to a municipal lien for the costs of curbing.

Her property in question is a part of a large tract of land containing about eighty (80) acres, further subdivided into two tracts of forty (40) acres each by a public street running through the center thereof. The portion against which the lien is filed is situated on the northerly side of Main street between Buttonwood and Hamilton streets and extends back to Airy street. It is $360\frac{4}{10}$ feet in front on Main street by $265\frac{1}{10}$ feet deep, bounded on the southwest by Main street, on the northwest by Hamilton street, on the northeast by Airy street, on the southeast by Buttonwood street. Main street and Buttonwood street are open streets; Hamilton street and Airy street were not opened at the time the curbing was done.

Up to Buttonwood street, Main street is improved on both sides. On the part of appellant Buttonwood street is claimed as the dividing line between urban and rural property, but from the testimony it appears that the tide of public improvement has not stopped at that point but has swept on westward along Main street, so that on the south side thereof opposite the property in question the land is laid out in town lots curbed and paved, and several buildings are there erected.

On the trial in the court below there was evidence that the land was ripe for building purposes, that its retention for farming purposes was a barrier to the advance of necessary improvements in opening.and perfecting the plan of streets, and

prevented the erection of buildings in the locality for the want of suitable sites. There was also evidence on the other side that the property was only used for farming purposes, always had been, and appellant did not contemplate using it for any other purpose.

Under the surroundings of the property and the testimony offered on both sides, the learned judge in the court below, in a fair and impartial charge, submitted the question to the jury whether the land in question was urban or rural, telling them that if they found it to be rural their verdict should be for the defendant.

Under this instruction the jury found a verdict for the plaintiff and we can find no reason for disturbing the verdict for any error in the charge: South Chester v. Garland, 162 Pa. 91; McKeesport v. Soles, 165 Pa. 628.

The first six specifications of error are therefore overruled and we here remark that the first specification of error is not a proper assignment of error under the rules of this court, as we are not informed in the assignment what evidence was improperly admitted.

So far as concerns the claim filed against property fronting on Hamilton street, the learned judge in the court below excluded from the consideration of the jury fifteen feet and nine inches of the curb thus located, but directed the jury that they could consider the entire line in front of plaintiff's property fronting on Main street. This we consider a fair disposition of the case, as the curb fronting on Main street was in front of plaintiff's land and benefited the same whether Hamilton street was ever opened or not. The seventh (7) and eighth (8) assignments of error are therefore overruled.

It further appears that on the line of this curb a small stream crossed Main street which was bridged over, and under the bridge there was no curb line, from the fact that the putting in of a curb at that point would prevent the free flow of the water of the stream. This, it is claimed by the appellant, was a division of the property into two parts, and necessitated the filing of a separate lien against each part, and was properly disposed of by the learned judge in the following language: "Apparently the lien was filed against a lot which was not curbed along its entire front, but an examination discloses that this objection was without merit." For a distance of four (4) or

five (5) feet a water inlet interfered with the curb line, and for that distance no curb was set because there was no foundation upon which the stone could rest. We do not think this fact made it necessary to file two liens so as to exclude the strip of ground four (4) or five (5) feet wide. The ninth (9) and tenth (10) assignments of error are therefore overruled.

On an examination of the lien filed we are of the opinion that it was a sufficient compliance with the statute, and if the appellant considered it defective in not stating the nature and value of the work and materials as distinct items, she should have moved to strike off the lien. She however plead to the scire facias and went to trial without objection to the form of the lien. She is too late to interpose this objection now: Howell v. Phila., 38 Pa. 471; Lybrandt v. Heberly, 36 Pa. 347; Lee v. Burk, 66 Pa. 336; St. Clair Coal Co. v. Martz, 75 Pa. 384.

The eleventh (11), twelfth (12) and thirteenth (13) assignments of error are therefore overruled.

The appellant's seventh (7) point in the court below called upon the court to direct a verdict for the defendant. This was refused, and we think with great propriety, as it would have been error to affirm the point. While we duly appreciate the efforts of the appellant to preserve her ancestral acres from the touch and burden of improvements necessary to keep pace with the wants of the municipality of the borough of Norristown, we are decidedly of the opinion that sentiment must give way to facts and beneficial improvements must not be retarded to gratify the peculiar view of individuals. In this controversy between the appellant and the authorities of Norristown the learned judge performed only his duty in sending the question to the jury; their verdict established the land described in the writ as urban property and subject to the lien filed for the municipal improvement, and we do not propose to disturb the verdict. The fourteenth (14) assignment of error is therefore overruled.

The fifteenth (15) assignment we are not called upon to consider for the reason that we are not informed therein what amendment was allowed to the lien in the court below, and after a careful investigation of the whole record we can find no such amendment. The assignment is therefore overruled.

Judgment affirmed.