# Daniel A. Spotts v. Tillie F. Spotts, Appellant.

*Equity—Sale of real estate—Specific performance.*

Where the plaintiff's testimony was abundant to establish accurately a written agreement to sell real estate in which the land was described with sufficient certainty, the price, time of payment and where the deed was to be delivered, also that the first payment was made when plaintiff received the written agreement and that the balance was tendered at the time called for in the contract, a decree for specific performance will be sustained.

*Evidence—Conclusions inadmissible.*

Offers of evidence are properly excluded which call for conclusions rather than statements of fact.

*Evidence—Subsequent admission cures prior error in rejecting testimony.*

Where offers of evidence are rejected but the party is subsequently permitted to testify substantially concerning the facts covered by the offers the proponent suffers no injury by the ruling on his offers.

Argued March 12, 1897.    Appeal, No. 45, March T., 1897, by defendant, from definitive decree of C. P. Cumberland Co., March T., 1896, No. 4, directing specific performance.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.    Affirmed.

Appeal for specific performance.    Before E. W. BIDDLE, P. J.

The case came up on bill, answer and proof.    Short abstracts of the bill, answer and proof are as follows :

The plaintiff sets forth in his bill inter alia, as follows to wit:

1. That the defendant was the owner of a certain lot of ground in the borough of Carlisle, Pa.

2. That on the 12th day of November, 1895, an agreement was made and signed between said defendant and plaintiff for the sale of said lot of ground.

"Agreement made and entered on this 12th day of November, A. D. 1895, by and between Tillie Florence Spotts, of the borough of Carlisle, Cumberland county, Pennsylvania, of the first part, and Daniel A. Spotts, of the same place, county and state aforesaid, witnesseth :

"1st. That the said party of the first part doth hereby agree

to sell and convey to the party of the second part, his heirs and assigns, that certain lot of ground situated on South Hanover street, in the said borough of Carlisle, it being part of a lot of ground known as No. ——, South Hanover street, bounded as follows, to wit:

" On the west by said North Hanover street, on the north by lot now owned by said party of the first part, and originally part of the same lot, on the east by an alley, on the south by lot of Simon Kline, dec'd, containing in front —— feet on said South Hanover street, and extending in depth 240 feet to the alley.

" 2nd. Immediate possession will be given to the party hereto of the second part upon compliance with the conditions hereinafter set forth.

" 3rd. The party of the first part hereby agrees that the alley way now used for the use and convenience of the property which is hereby intended to be conveyed, shall hereafter be used in common by the present purchaser and the present occupant of the other portion of the property.

" 4th. That the wall of the property, or house adjoining the property hereby conveyed, shall be used as a party wall up to a point when it becomes necessary to add to it in order to make a three story building at the expense of the party of the first part; and should the parties hereto agree to make either or both of the buildings three stories in height, they shall bear equally the expenses attendant upon such an arrangement.

" In consideration whereof the said party of the second part agrees to pay unto the said party of the first part $700 in payments as follows, to wit: one hundred dollars ($100) upon the execution of this agreement. The balance on the first day of April, A. D. 1896, when deed will be made.

" The party hereto of the first part retains the ownership of the property until the above conditions are fully complied with.

" Witness our hands and seals the day and year written.

" TILLIE F. SPOTTS [SEAL.]<br>" D. A. SPOTTS, [SEAL.] "

3. That in pursuance of said agreement the said plaintiff, on the 14th day of November, 1895, paid to the said defendant $100 on account of the purchase money of said lot of ground; and further, that on the 1st day of April, 1896, tendered the

balance of said alleged purchase money, to wit: $600, (six hundred dollars), etc.   Plaintiff therefore prays a decree for specific performance, etc.

The defendant in her answer, avers, inter alia, as follows, to wit:

1. That the alleged agreement in writing set forth in plaintiff's bill, was not completed or delivered to said plaintiff, but that possession of it was obtained by said plaintiff from said defendant by misrepresentation of the facts, and by false statements and deceit.

2. That she, said defendant, specifically denies that there ever was any contract for the sale of the lot of ground described in paragraph 2 of said bill; and avers that there never was any sale of said lot either by said alleged written agreement, or in any other manner whatever.

3. That said defendant denies that she accepted the sum of $100, or any other sum from the plaintiff on account of the purchase money of said lot, but avers that the sum of $100 was left on her table by said plaintiff when he received from her the alleged agreement, under the circumstances detailed in paragraph 3 of answer.   That she offered to return and tendered to him the said $100 which he refused and still refuses to accept.

4. That she, said defendant, refused to accept said alleged balance of purchase money, and to execute and deliver to said plaintiff a deed, etc., and denied that there ever was any agreement for the sale of any part of her said lot by her with said plaintiff.   That she is not bound in law or equity to execute and deliver to him a deed for the lot claimed, etc.

The defendant therefore prays the court that the plaintiff's bill be dismissed at his costs.

Plaintiff moved the court to rule that the answer is not responsive to the bill and that unless defendant makes out a defense by independent testimony the decree will be made pro confesso.   This motion was overruled by the court.

The court below held, inter alia, "It is not denied by the defendant that the agreement was signed by her, yet she alleges that it was not completed or delivered to said plaintiff, but obtained by said plaintiff by misrepresentation of the facts, and by false statements and deceit."   These allegations are not

responsive to the bill and upon the defendant rested the burden of proving by clear and satisfactory evidence some facts which would justify the conclusion that she had been deceived or overreached by the plaintiff. She has entirely failed to do this and we are satisfied that the bill gives a correct version of the transaction between the parties, and that no element of fraud or deceit on the part of the plaintiff has been shown.

The court decreed specific performance. Defendant appealed.

*Errors assigned* were (1) in refusing to permit the following question to be answered by the defendant, when testifying on the trial of the case. " Q. By Judge Henderson. We propose to ask, under paragraph 4 (of answer), the witness on the stand whether she ever made any agreement of sale for a lot on South Hanover street, or any other lot to her brother; we offer that as a fact, not as a question of law, whether she ever agreed to sell or not."

By Mr. Biddle: Objected to, that under the pleadings the question as to whether there was an agreement to sell is a question of law, and not of fact, and the witness is therefore incompetent to testify.

By the Court: The purpose and effect of the question is merely to elicit from the witness her opinion as to whether or not she and the plaintiff made an agreement in reference to the lot in question; this is the only matter in dispute in the case, and is a mixed question of law and fact. We think the objections are well taken; they are sustained; defendant excepts and bill sealed.

(2) In sustaining objection to the following question: By Mr. Henderson: " Miss Spotts, state if you please, if you ever contracted for the sale of a lot described in paragraph 2 of plaintiff's bill, to wit: A lot on South Hanover street, 21 feet, including a three foot alleyway on the northern side immediately south of said other land of said Tillie F. Spotts, and extending in depth two hundred and forty feet (240) to the alley on the east, did you ever contract for the sale of such a lot?"

By Mr. Biddle: The same objection.

By the Court: The objection sustained; defendant excepts and bill sealed.

(3) In finding that the answer of defendant was not responsive to the bill.

(4) In making the following decree: " And now, January 12, 1897, this case came on to be heard and was argued by counsel, whereupon after due consideration, it is adjudged and decreed as follows : That within twenty-one days hereafter, the defendant, Tillie F. Spotts, shall execute and upon receipt of the remaining six hundred dollars of purchase money shall· deliver to the plaintiff, Daniel A. Spotts, a good and sufficient deed in fee simple for the lot of ground described in the agreement of November 12, 1895, according to the true tenor thereof and also give to him possession of said lot."

It is further ordered that the defendant pay the costs.

*J. Webster Henderson* and *R. M. Henderson*, for appellant.— The answer is responsive and the bill in its entirety is denied : Eaton's Appeal, 66 Pa. 483 ; Pusey v. Wright, 31 Pa. 387 ; Bell v. Bank, 131 Pa. 318.

Specific performance is a matter not of right but of judicial grace : Pennock v. Freeman, 1 Watts, 401 ; Henderson v. Hays, 2 Watts, 148.

And though a contract be valid at law equity will not enforce a specific performance, unless the transaction be free from suspicion of fraud or surprise: Campbell v. Spencer, 2 Binney, 129 ; Patterson v. Martz, 8 Watts, 374 ; Brady's Appeal, 66 Pa. 277.

Doors of equity are shut against one who in his prior conduct in the very subject-matter at issue, has violated good conscience, good faith and fair dealing: Orne v. Coal Co., 114 Pa. 172 ; Cortelyou's Appeal, 102 Pa. 576.

*E. M. Biddle, Jr.*, and *F. E. Beltzhoover*, for appellee.—The court below found as a fact that the bill gives the correct version of the transaction between the parties and no element of fraud or deceit on the part of the plaintiff has been shown. Parties to a contract may not testify as to their undeclared intentions at the time the contract was formed : Spencer v. Colt, 89 Pa. 314 ; Building Association v. Hetzel, 103 Pa. 507.

The answer was not responsive to the bill. If a contract be set forth and the defendant be called on to answer it, a denial

that it exists, modo et forma, would not be good; the defendant should state how it existed and wherein it had no existence: Pusey v. Wright, 31 Pa. 387; Railroad Co.'s Appeal, 3 Penny. 164; Bell v. Bank, 131 Pa. 318.

The answer not being responsive and having been replied to the court below properly held that upon defendant rested the burden of proving, by clear and satisfactory evidence, some facts which would justify the conclusion that she had been deceived or overreached by the plaintiff: Audenreid's Appeal, 89 Pa. 114; Naglee's Est., 52 Pa. 154.

The terms of the written agreement were sufficiently certain to sustain a decree for specific performance: Thompson v. Coal Co., 7 Phila. 617; Payne v. Howard, 117 Pa. 579.

A description by quantity is, in its nature, the least certain. It is to the boundaries the grantee must look; he has a right to all the land within them. The quantity is a matter of calculation, and be it more or less, it passes: Large v. Penn, 6 S. & R. 488; Koch v. Dunkel, 90 Pa. 264.

OPINION BY SMITH, J., April 19, 1897:

The material averments of the bill in this case set forth a written contract for the sale of a lot of ground, part payment of the purchase money, a tender of the balance, and demand for a deed as called for in the writing. The prayer was for specific performance. The answer denies that the contract was completed and alleges that the writing was not delivered to the plaintiff in execution of the agreement but to be handed to the defendant's attorney, and that the plaintiff retained it without authority. The cause was tried before the president judge who, after hearing the evidence submitted by both parties and the arguments of counsel, granted the prayer of the bill. From this decree the defendant appealed.

The testimony was abundant to warrant the action of the court. There was a written agreement signed by both parties, in which the land was described with sufficient certainty, and the price, the time of payment and when the deed was to be delivered, were accurately stated. The first payment was made when the plaintiff received the written agreement and the balance was tendered at the time called for in the contract. When the tender was made two witnesses who were present testified

that they saw the money offered to the defendant which she refused. They also stated that they heard her admit that she had sold the lot to the plaintiff by written agreement and that he had paid her $100 of the purchase money. The testimony of these witnesses is substantially the same as that of the plaintiff as to what then occurred and was not denied by the defendant. The testimony of these witnesses with that of the plaintiff as to the entire transaction, the written contract held by him, the payment of the first instalment and its retention by the defendant, were clearly sufficient to outweigh the denial of the defendant and the additional testimony adduced in her behalf. It is not alleged that the price was inadequate or the bargain improvident.

The remarks of the learned judge that some parts of the answer were not responsive to the bill and therefore the burden as to those matters was cast upon the defendant are of no importance because, at the hearing, the plaintiff was required to prove his entire case irrespective of any alleged defects in the answer, and the motion to the effect " that the answer is not responsive to the bill, and that unless the defendant makes out a defense by independent testimony the decree will be made pro confesso " was overruled by the court.

The offers of evidence the exclusion of which is complained of in the 1st and 2d assignments of error, called for conclusions rather than statements of fact and were properly overruled. Furthermore, the defendant subsequently testified substantially concerning them. It is needless to enter upon a discussion of the law applicable to the facts, as it was duly observed by the learned court in the disposition of the case. The controlling question was one of fact and that was determined in accordance with the weight of the evidence.

The specifications of error are overruled and the decree is affirmed.