# Edwin W. Loucks, Appellant, v. Harry G. Lightner.

*Promissory note—Indorsee after maturity.*

After maturity the indorsee of a promissory note, with or without notice, takes it subject to all equities and defenses between the original parties.

*Question for jury—Accommodation paper.*

Whether or not a note is an accommodation note, what is its true character, and what its connection with the alleged consideration therefor, are questions entirely for the jury.

Argued March 20, 1899. Appeal, No. 3, March T., 1899, by plaintiff, from judgment of C. P. York Co., Aug. T., 1897, No. 14, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by SMITH, J.

Assumpsit. Before STEWART, J.

It appears from the record that suit was brought by plaintiff as indorsee of a note made by Henry G. Lightner, the defendant, to the order of George Lightner. The note was as follows:

"$800.                          YORK, PA., April, 1893.

"One day after date I promise to pay to the order of George Lightner the sum of eight hundred dollars for value received,—without defalcation value received.

                    "(Signed)     H. G. LIGHTNER."

And indorsed "George Lightner."

On the back of this is the indorsement, "Interest paid up to April, 1894."

At the trial George Lightner, payee of the note, being on the stand, plaintiff offered to prove by him [that at the time of the death of Samuel Lightner, the father of the defendant, that said Samuel was indebted to the witness in the sum of $600, for which witness held Samuel's promissory note, and that the remaining $200 was a payment by George Lightner of a note of Samuel Lightner to Catherine Lightner after the death of Samuel Lightner; that in order to enable Mrs. Lightner, the widow, now Mrs. Miller, and the defendant, to retain the farm of which Samuel Lightner died seized, he agreed with the widow not to press his claim at that time, but to take her note for the said $800, which she gave him; whereupon he destroyed his brother's note, and retained Barbara Lightner's note until the time of her marriage in the spring of 1888, when he surrendered her note, and took a note of Henry G. Lightner, the defendant, for $800, which last-mentioned note was destroyed by him in April, 1893, when the note in suit was given to him by the defendant, for the purpose of showing the whole of the transaction in regard to this note, the consideration for which it was given, and generally to sustain the issue on the part of the plaintiff.

Mr. Ziegler: The competency of this witness to prove this state of facts is objected to, he being also at the time of the decease of Samuel Lightner an alleged creditor; that it is not proposed to be proved with certainty and accuracy the nature and character of his claim against the estate; that it does not

pretend or tend to sustain the consideration for the note given by Mrs. Miller nor subsequently the consideration for the note given by the defendant in 1888, or in 1893, the note in suit; irrelevant and immaterial; not evidence for any proper, legal purpose in this case, or for any purpose.

Mr. Cochran: We also offer to prove by the witness on the stand that he has no interest in the result of this trial, or in the note in suit.

Mr. Ziegler: All the former objections to the offer, with the amendment just made here, are renewed on behalf of the defendant.

The Court: Did Samuel Lightner make a will?

Mr. Cochran: Yes, sir.

Mr. Cochran: I will add to my offer: To be followed by the last will and testament of Samuel Lightner, late of Manchester township, deceased, the deed marked "B. H. C. D., 3—12—97," George Lightner to Samuel Lightner and Charles Lightner; and deed "C. H. C. D., 3—12—97," Charles Lightner and wife to Samuel Lightner for the purposes already stated. The will shown to the court.

Mr. Ziegler: There is no objection to the offering of the will in evidence, but the defendant objects to the offering of the deeds in evidence, for the reason that they are not the deeds called for in the notice given by the plaintiff to the defendant, or his counsel; and, secondly, because the deeds, not being of record, have not been lawfully proven to make them admissible as instruments of evidence.

The Court: I am of opinion that this witness is not competent to testify to the transactions between him and Samuel Lightner in his lifetime, or to prove that he held a note at and prior to the time of Samuel Lightner's death, against him. He is competent to testify to what occurred since his death.

Mr. Cochran: Your honor will admit all of the offer since that time?

The Court: I think the remainder of the offer is admissible. Exceptions for the plaintiff and defendant, and bill sealed by order of court.] [4]

The court admitted the following offer of defendant against plaintiff's objection:

[The defendant (through Mr. Gemmill) proposes to prove by

his own testimony that in the spring of 1893 he was in the kitchen, and that George Lightner was in the kitchen and produced a note to the witness for $800, and asked him to sign it, saying that he would like to have a clean note, that this one was all dirty and blotted, and that it was no good. The witness then told him that he did not owe him anything, and George Lightner then promised the witness that if he would sign the note, that he never would require him to pay it; that "he said, 'If you will sign the note, it will be an accommodation to me; I will never give you any trouble.' He said if I would sign the new note in place of the one that is blotted, he would never ask me to pay it. I said if this was the case, I would sign it, if I didn't have to pay it, if it would be an accommodation to him. I signed it at his request, never expecting to have it to pay." This to be followed by testimony of George Miller, who was present and heard the conversation, for the purpose of showing that the note in suit was a mere accommodation, and that there was an avowal that it was without consideration, and that it was signed at the request of and upon the inducement held out by the payee in the note; that this defendant was misled in this matter, and that he was led to sign these notes upon the misrepresentations that were made to him by the payee in the note, for the purpose of sustaining the issue on the part of the defendant.

We will admit this offer, and give the plaintiff an exception.] [1]

The defendant submitted the following point:

[6. If the jury find from the evidence that Mrs. Barbara M. Miller, formerly Lightner, did not give a note to George Lightner for the sum of $800, or for any amount, then there was no consideration for the note in suit, and their verdict should be for the defendant. *Answer:* This point is affirmed.] [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1, 4) rulings on evidence, reciting same. (5) Answer to defendant's sixth point, reciting same.

*Richard E. Cochran*, with him *Smyser Williams*, for appellant.—Before making the above offer of plaintiff which was

rejected, it had been proved by the testimony of Mr. Loucks, the plaintiff, that George Lightner had no interest in the note in suit nor in the result of the suit. Lightner testified that he has no interest in the claim now (at the time of the trial), or in the result of this suit. He had indorsed and delivered the note in suit for a valuable consideration to the plaintiff.

This made him a competent witness as the law stood before the passage of the act of April 15, 1869, and the various acts subsequently passed relating to the competency of witnesses: Dellone v. Rehmer, 4 Watts, 90 ; Com. v. Contner, 21 Pa. 266 ; Strohecker v. Hoffman, 19 Pa. 223.

As he was competent to testify independent of the Acts of April 15, 1869, P. L. 30, and May 23, 1887, P. L. 158, he was not rendered incompetent by either of them. These acts were intended as enlarging statutes, and therefore no person competent before the passage of these statutes was rendered thereafter incompetent either by the words or the spirit of the law: Sheetz v. Hanbest, 81 Pa. 100 ; Perry v. Perry, 31 Leg. Int. 372.

This, however, is a suit on a written promise to pay based upon a benefit conferred upon the promisor by the promisee.

A benefit or service performed voluntarily is a consideration to support an express promise: Ins. Co. v. Whitney, 70 Pa. 248 ; Cunningham v. Garvin, 10 Pa. 366.

To support a present promise to pay, it has long been settled that a benefit derived from the unsolicited services of another creates a moral obligation of sufficient potency to sustain an express promise, citing Greeves v. McAllister, 2 Binney, 591, Clark v. Herring, 5 Binney, 33, Nesmith v. Drum, W. & S. 9, and Hassinger v. Solms, 5 S. & R. 4.

This principle is further sustained in Lycoming v. Union, 15 Pa. 166.

*William L. Ammon,* with him *William B. Gemmill* and *Edward D. Ziegler,* for appellee.—The note was negotiated by the payee after it was due and according to Bowers v. Hastings, 36 Pa. 285, Loucks, the plaintiff, took the place of the payee, and was subject to all the equities and defenses between him and the defendant, the same as if it had remained in the hands of the payee : Peale v. Addicks, 174 Pa. 543 ; Hoffman v. Foster & Co., 43 Pa. 137.

It certainly is a good defense to an action by the holder of a note, against the maker of a promissory note, that it was made for the accommodation of the payee without consideration, and negotiated by him when overdue.   The court was entirely correct in admitting the offer, and under the authorities it was proper for the defendant to prove that there was no consideration in the note in suit, and that he signed it at the request of the payee for his accommodation upon the inducement held out to him by the payee of the note: Peale v. Addicks, supra.

Parol evidence is admissible to establish a contemporaneous oral agreement, which induced the execution of a written contract, though it may vary, change or reform the instrument, but this agreement must be shown by evidence that is clear, precise and indubitable: Hand v. Russell, 1 Pa. Superior Ct. 165.

The fourth assignment of error is to the effect that the court erred in rejecting plaintiff's offer and sustaining defendant's objection thereto.

There is nothing in this assignment of error to admit of any serious consideration, for the reason that under the searching and thorough examination of the witness by the learned counsel for the plaintiff, he testified to everything contained in the offer, notwithstanding the court's ruling.

OPINION BY SMITH, J., October 9, 1899:

The plaintiff sues as indorsee of a note made by Henry G. Lightner, the defendant, to the order of George Lightner.   The defense is that the note was given without consideration, for the accommodation of the payee, and was received by the indorsee after maturity, with notice of this.   The plaintiff denies that such notice was given.   This, however, is immaterial, since he admits that the note was long overdue when he took it. Notice of matters of defense between the original parties is material only in the case of a note indorsed over before maturity; after maturity, the indorsee, with or without notice, takes it subject to all such defenses.   On the trial, therefore, the only question related to the consideration of the note.

The only specifications seriously pressed on the argument were the first, fourth and fifth, and these, indeed, are the only ones

that we need consider. We might properly disregard the first, since it does not contain the evidence embraced in the bill of exceptions to which it relates, as required by our rules. We need only say, with respect to it, that the right to set up, by way of defense, a contemporaneous oral agreement inconsistent with a written stipulation, on the faith of which the latter was signed, is too well settled to require discussion, and therefore that there was no error in the ruling of the trial judge on the defendant's offer. At the same time, the evidence offered was not essential to the defense. Between the parties to an accommodation note, an agreement that the payee shall not call on the maker for payment is wholly unnecessary, and it is unusual for the maker to demand any assurance on this point. He need only show the real character of the note, and the law relieves him from such obligation, and also from liability to a third party who receives the note after maturity.

The fourth specification relates to the competency of the payee of the note in suit to testify to certain matters set forth fully in the offer for their admission. An examination of the testimony of this witness and a comparison thereof with the entire offer upon which the court ruled, shows that, as a fact, all the matters therein were brought out on his examination, substantially, if not literally, notwithstanding the ruling of the court. Indeed his testimony is far broader than the offer and was apparently unrestricted in scope; therefore there is nothing to sustain this specification and it must be overruled: Spotts v. Spotts, 4 Pa. Superior Ct. 448. We do not pass upon the question of competency under the circumstances.

As to the fifth specification, the point to which it relates was properly affirmed. The maker and the payee agreed that the note in suit was given in April, 1893, in renewal of a like note given in 1888. The maker alleges that the earlier note, also, was given without consideration, for the accommodation of the payee, while this is denied by the payee. It appears that Samuel Lightner, brother of the payee, and father of the maker, died in 1881, having devised his property to his wife, during widowhood, with remainder in fee to the son upon her death or remarriage, and that she remarried in 1888. On the part of the plaintiff, it is alleged that Samuel Lightner, at the time of his death, owed his brother George $600, and Catherine Light-

ner, another relative, $200; that to avoid a sale of his property George paid the debt to Catherine and took from the widow her note for the whole amount, and that the note of 1888 was given by Henry as a substitute for his mother's note when he succeeded to the property on her remarriage. Thus the alleged indebtedness of Samuel Lightner is set up as the consideration of these notes. The only evidence of such indebtedness was the testimony of George Lightner. On the other hand, Samuel's widow, who was also his executrix, testified that she knew nothing of the alleged indebtedness; that no claim therefor had ever been presented to her as executrix, and that she had never given a note to George. The true character of the note in suit, and its connection with the alleged consideration, were questions entirely for the jury, and were submitted to them with clear and adequate instructions. The verdict seems warranted by the evidence, and no error appearing in the record the judgment is affirmed.