## Vanderslice *v.* Donner, Appellant.

*Trespass—Trespass vi et armis—Possession.*

To sustain an action of trespass vi et armis possession in the plaintiff is indispensable, and this is all that is necessary. As against one in actual possession, the right of a claimant of title out of possession must be asserted by an action of ejectment. The possession set up, however, must be more than a mere intrusion on either the actual or the constructive possession of another.

*Landlord and tenant—Possession by tenant.*

As possession by a tenant is in law possession by the landlord, it is always competent to show such possession when the question of possession by the landlord is involved.

320     VANDERSLICE *v.* DONNER, Appellant.

*Appeals—Assignments of error—Practice.*

Each specification of error must be self sustaining and embody every-thing necessary to its determination in the appellate court; a mere refer-ence to a page elsewhere, on which some of the essential matters relating to the specification appear, is not sufficient.

*Practice, C. P.—Trial—Evidence—Appeals.*

Where pertinent testimony is properly admitted, no subsequent complaint touching its informal admission will prevail.

A party cannot complain of an error which does him no harm.

Argued April 19, 1904.     Appeal, No. 67, April T., 1904, by defendants, from judgment of C. P. Washington Co., Feb. T., 1902, No. 73, on verdict for plaintiff in case of George Van-derslice v. Frank Donner et al.     Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass for forceable entry and the removing of a building. Before TAYLOR, J.

At the trial it appeared that plaintiff claimed title to a lot, No. 143, in block No. 37, in the DeHass plan of lots in West Columbia.   Plaintiff claimed title to a portion of the property in dispute by a deed and to the remainder by adverse posses-sion.   The defendants claimed title by adverse possession.

Plaintiff offered in evidence the lease from George Van-derslice to Robert Behanna; and also lease from George Van-derslice to John Behanna, the latter being a lease of lot 143 for one month from September 28, 1901.   The purpose is to show the length of the tenancy of John Behanna.

Mr. Birch: Objected to as incompetent and irrelevant; no difference how long he was a tenant.   Certainly length of ten-ancy, if they were in possession at that time, does not make any difference, whether it was before or after.   We are not claiming under any ownership or title of the Behannas.

Mr. Irwin: Oh, it is to meet the question that was raised by the counsel on the other side.

The Court: Objection overruled and offer admitted, and on request of defendants exception allowed and sealed. [1]

Plaintiff's wife was asked this question:

Now in addition to the lots that are named in the deed to your husband did you take possession of any other lots there?

Objected to as incompetent and irrelevant; what they took under this deed is set forth in the deed itself.

The Court: They are going outside of that now.

Objected to as incompetent and irrelevant to show any title in James to these lots—what they did.

The Court: Well, where a party claims title to real estate that way, he is entitled to introduce any evidence tending to show what is necessary under the law to establish a title by such right. It is for the court to say in the end whether or not the testimony comes up to what is required by the law, whether it is open, notorious, continued, and uninterrupted; and unless the evidence offered in support of a title of that kind comes up to the legal requirements, then it cannot be considered; it is for the court to say it cannot go to the jury; that is, if there is any break in the chain of title during the time that the statute is supposed to run and establish a title. You can ask this witness anything that relates to a claim of title here in you to these lots, claiming by adverse possession. Objection overruled, offer admitted and on request of defendant, exception allowed and sealed. [2]

The court charged in part as follows:

[So that, after the lapse of nearly eighty-five, ninety or one hundred years, you, gentlemen, are called upon through the medium of a court trial, to determine who had the right of possession at the date of the trespass alleged on lot No. 143 in block 37 of this DeHass plan. There are two parties here claiming to be entitled to possession of this lot because they each claim to own it; one is Mr. Vanderslice, the plaintiff, and the other is Mr. Van Pelt, the defendant; and they claim each to occupy it through different sources of title after it is out of Mr. Budd or Mr. DeHass down, and they are opposed to each other. The way the question comes here for your determination is by the plaintiff's claiming that under a deed he obtained in 1901 he took possession of this property under his predecessors in title, and that the defendants who took a deed from their predecessors in title in 1901 (Mr. Huggins), came along and ousted him out of the possession he had under his deed. Now, gentlemen, under this action here it is an important matter for you to determine who was in possession there first in

1901, because this is an action of trespass in which the plaintiff seeks to recover damages he alleges he has sustained by reason of being forcibly ousted of the possession he claimed that he was entitled to maintain because he had a title to the property and he claims he was ousted of that possession by the defendant through his agents coming there and removing from lot 143 a building and storeroom that he had erected thereon and was in possession of. Now, gentlemen, if it should turn out in the end that Mr. Vanderslice was in possession first under a bona fide claim of title and the other parties claimed that they had title too, they would have no right to eject him in this way providing he was in there first, because if he had a deed for the lot that was considered good, that gave him the right of possession if he assumed manual control or possession of it in the first instance. Whether or not he had that right we shall see when we come to the question of title to be discussed later on. If he were in there first under that title, then the defendants, although they had title too or claimed to have title, could not dispossess him by way of a trespass and damage, and if they did dispossess him and it turns out that he had the real right of possession and title as well, and that the defendants had not, why then they are liable to compensate him for any damages that he sustained by reason of being put out by the defendants as he claims he was.] [4]

[If you find, however, that the right of possession and the actual possession is not in Mr. Vanderslice and that he was a trespasser, then your verdict would simply be for the defendant.] [5]

Verdict and judgment for plaintiff for $50.00 Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence quoting the bill of exceptions ; (4–10) various portions of charge.

*T. F. Birch,* for appellants, cited : Zell v. Ream, 31 Pa. 304.

*R. W. Irwin,* for appellee.

OPINION BY SMITH, J., October 17, 1904 :
As to the land here in controversy, while the contentions of

the parties relate to both possession and title, the verdict is conclusive only of the plaintiff's possession when the trespass was committed. Such possession was indispensable to sustain the action, and this was all that was necessary. As against one in actual possession, the right of a claimant of title, out of possession, must be asserted by an action of ejectment. The possession set up, however, must be more than a mere intrusion on either the actual or the constructive possession of another. Here the defendants alleged a possession previous to that asserted by the plaintiff, and the evidence of each party was directed to proof of both title and prior possession. Whatever the proof of title by either, the jury found for the plaintiff on the question of prior possession, and this was sufficient.

The specifications of error must be overruled. As to the first, since possession by a tenant is in law possession by the landlord, it is always competent to show such possession when the question of possession by the landlord is involved. The evidence of the witness to which the second relates is not quoted as required by our rules, nor is its character or extent given; an intermediate part only appears on the page indicated. Orderly practice and the record of the case remaining in this court require that this rule be observed. Each specification must be self-sustaining, and embody everything necessary to its determination here; a mere reference to the page, elsewhere, on which some of the essential matters of the point appear, is not sufficient. As to the third, the testimony of the witness showed nothing that had not already been brought out by the appellant on cross-examination; this being merely that the land had been held by the husband of the witness "just the same as Mr. James," the preceding occupant, had held it. Furthermore, in the charge, everything relating to the title derived from Mr. James was eliminated, and the plaintiff's claim of title, apart from the statute of limitations, confined to that derived from Mrs. Winnett. Hence the admission of the evidence, even if erroneous, could not have prejudiced the defendants. Where pertinent testimony is properly admitted, no subsequent complaint touching its informal admission will prevail: Collins v. Houston, 138 Pa. 481; Spotts v. Spotts, 4 Pa. Superior Ct. 448. While the testimony is voluminous,

involving extensive examination, its legal effect, in review, may be thus briefly summarized.

As to the specifications relating to the charge, if the court erred at all it was in occasional intimations that the plaintiff, in order to recover, must show both possession and a right of possession. But the defendant cannot complain of this, since any effect that it may have had must have operated in his favor. As a whole, the charge correctly defined the matters essential to maintain the issue on each side, and the character of the evidence by which these were to be established. The issue involved questions of fact, which, under the evidence, could be determined only by the jury. These were submitted with instructions that clearly presented the matters to be considered, and left nothing for the appellant to complain of.

Judgment affirmed.