## Com. v. Metz, Appellant.

*Appeals—Assignments of error—Noncompliance with rules.*
Every specification of error must be self-sustaining and embody everything necessary to its determination in the appellate court; a mere reference to a page elsewhere, on which some of the essential matters, relating to the specifications appear, is not sufficient.

*Criminal law—False statement in writing to obtain credit—Evidence—Testimony of defendant in previous bankruptcy proceedings —Act of May 8, 1913, P. L. 161.*
On the trial of an indictment for making a false statement in writing to obtain credit, evidence is admissible that the defendant had testified in previous bankruptcy proceedings against his former employer, that he had made the written statement in question, and that it was incorrect.

Argued Oct. 9, 1916. Appeal, No. 193, Oct. T., 1916, by defendant, from judgment of Q. S. Philadelphia Co.,

Opinion of Court below. [65 Pa. Superior Ct.

June T., 1915, No. 513, on verdict of guilty in case of Commonwealth v. Frank D. Metz. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for making false statement to obtain credit or property. Before CARR, J.

At the trial the jury returned a verdict of guilty. On a motion for a new trial and in arrest of judgment, CARR, J., filed the following opinion:

The defendant was indicted under the provisions of the Act of 8th May, 1913, P. L. 161, making it a misdemeanor to make or use a false statement or statements in writing, for the purpose of obtaining property, money, credit, or the extension of credit; and providing penalties for the violation thereof, and was found guilty. The defendant's foster-father, Martin A. Metz, was trading as the Alphia Knitting Mills in this city and went into bankruptcy in April, 1915. The defendant was in his employ doing general office work, and attending to the shipping of orders and received a salary of $20 a week. His foster-father attended to the manufacturing part of the business. A manufacturer of worsted yarns, Warren J. Steel, at Bristol, began doing business with the Alphia Knitting Mills in June, 1913. In January, 1915, the Alphia Knitting Mills owed him about $2,500. He testified that the payments had been very slow, that he had been writing them and called on them personally and had sent his representative to call upon them to get the payments of money which were anywhere from 30 to 90 days past due, and on account of their being so slow in their payments and their promises not being kept or fulfilled, he went personally to the office of the Alphia Knitting Mills at 6th and Spring Garden streets and saw the defendant. Steel asked him for money and why they had not sent him the money they had promised, and also when they would have their statement ready of the financial condition of their business at the end of the

fiscal year December 31, 1915. The defendant told him that the statement would be ready very shortly, as soon as his father gave him the inventory of the merchandise, and as soon as that statement was compiled and tabulated. The defendant afterward, upon January 25, 1915, mailed Steel a letter with the statement, which set forth the assets and liabilities of the Alphia Knitting Mills. Among the assets named in the statement were outstanding accounts, $40,444.52, which was a false statement, the defendant having secretly abstracted $20,000 without the knowledge of his foster-father in cash, and in order to conceal the defalcation he had destroyed some of the books of the business. Upon the belief in the truth of the statement furnished by the defendant, Steel made other shipments of yarn.

Afterward, the bankruptcy proceedings were taken before a referee, and upon May 5, 1915, the attorney for the trustee examined the defendant, who stated that one of the reasons of the bankruptcy of his father's business was that he had withdrawn $20,000 from the concern without his foster-father's knowledge and had bought books and mining shares with it.

The verdict was not against the law, nor the evidence, nor the weight of the evidence, which was clear and conclusive of the defendant's guilt. The principal ground of objection made by the defendant in this motion arises from the admission of testimony given in the bankruptcy proceedings. The foster-father, Martin A. Metz, was the bankrupt. In the first place the Commonwealth offered in evidence the original stenographic notes of testimony taken before the referee in bankruptcy, and the transcription of the same by the official stenographer, and the correctness of which was admitted by counsel for the defendant. The objection was made that under the Bankrupt Act testimony given by the defendant could not be used against him in subsequent criminal proceedings. The notes of testimony were extremely bulky, and in support of the testimony of the defendant there tran-

scribed the witness, Thompson, who was counsel for the trustee in bankruptcy, and who conducted the examination of the bankrupt and the other witnesses, and among them this defendant, was taken. It does not appear that his oral evidence in any way conflicted with the original record introduced in evidence and the defendant was therefore not harmed in any sense by such oral evidence. The objection of the defendant to the use of the record on the ground that any admissions made by him could not be used against him does not apply in this case. The defendant was not the bankrupt, but was merely a witness. He could have availed himself of his right to refuse to answer in the bankruptcy case, but notwithstanding his right he gave full and complete detailed evidence admitting that the statement which he had given of the condition of his foster-father's business was absolutely false as to the item dealing with outstanding accounts, and false to the extent of $20,000 which represented the amount of money he had without authority taken from his foster-father's business for his own use; and moreover, the defendant at the present trial admitted making the statements shown by the evidence in the bankruptcy case, and practically repeated them on the stand.

And this question is determined by the case of Commonwealth v. Ensign, 40 Pa. Superior Ct. 157 (1909), affirmed, 228 Pa. 400.

The motions are dismissed.

*Errors assigned* were in the following form:

(1) The learned trial judge erred in overruling objection made by defendant to question as follows (p.    , Appellant's Paper Book):

"Just state from that memo there what were the assets set forth in the statement and what were the liabilities."

(2) The learned trial judge erred in admitting the oral testimony of the prosecuting witness over objection (p.    , Appellant's Paper Book), and the testimony of the attorney for the trustee in bankruptcy (p.    , Ap-

43, (1916).]   Assignment of Errors—Opinion of the Court.

pellant's Paper Book), as to facts testified in the bankruptcy meetings.

(3) The learned trial judge erred in admitting as competent testimony the stenographic notes of the bankruptcy proceedings over objection of the defendant (p    , Appellant's Paper Book).

*Vincent A. Carroll,* for appellant.

*Charles F. Fox,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee.

PER CURIAM, November 2, 1916:

The assignments of error filed in this case do not conform to the rules of this court, and cannot be considered. Rule 16, provides, "When the error assigned is to the admission or rejection of evidence, or to the striking out or refusal to strike out evidence, the specification must quote the questions or offers, the ruling of the court thereon, and the evidence admitted or rejected, stricken out or which the court refuses to strike out, together with a reference to the page of the paper book or appendix where the matter may be found in its regular order in the printed evidence or notes of trial. When the error alleged is the admission or rejection of a writing, a full copy of the writing must be printed in the paper book. Any assignment not according to this and the rule immediately preceding will be disregarded."

This rule has been called to the attention of the profession in many cases, and must be enforced: Norristown Boro. v. Fornance, 1 Pa. Superior Ct. 129; Commonwealth v. Cummings, 45 Pa. Superior Ct. 211. Every specification of error must be self-sustaining and embody everything necessary to its determination in the appellate court; a mere reference to a page elsewhere, on which some of the essential matters, relating to the specifications appear, is not sufficient: 26 Pa. Superior Ct. 319. Moreover, the opinion of the trial judge, in refusing

to grant a new trial conclusively answers every suggested objection urged by the appellant on this appeal.

The judgment is affirmed, and it is ordered that the defendant, the appellant, appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, that had not been performed at the time this appeal was taken.