## Howell *versus* The City of Philadelphia.

38   471
188   18
38   471
172   654

*Liability of the City of Philadelphia for Paving.*— *Waiver by Plea to a* scire facias.

1. Where contracts under which paving and curbing were done, for which a lien was filed, expressly stipulated that the City of Philadelphia should be under no expense for the same, except for intersections, it is not a ground for charging the city that she retained a market place in the centre of the street.

2. An objection to a lien for want of dates, may be made on *demurrer*, or on a motion to strike it off, but after pleading to the *scire facias*, that must be considered as waived.

ERROR to the District Court of *Philadelphia.*

This was an amicable *scire facias*, entered by The City of Philadelphia to the use of Warthman & Barron, upon a claim filed for street paving, &c., against Zophar C. Howell, as the owner or reputed owner of a lot of ground fronting on York street, in the Nineteenth Ward of the city of Philadelphia. The claim amounted to the sum of $358.78, which included a charge for resetting curb, for regulating and measuring the work, and for commissions on the collection. The date of the doing of the work was the 17th September 1858. The date of the filing of the claim was March 16th 1859. York street is of the width of 100 feet.

The defendant below, who was plaintiff in error, with a majority of owners of ground fronting on York street, between Frankford Road and Gunner's Run Canal, entered into a written contract with Adam Warthman and James L. Barron to pave York street opposite their respective properties, and agreed, thereby, to pay them one dollar per square yard for the same.

April 24th 1858, the councils passed an ordinance, which was approved by the mayor, authorizing the *owners* of property, or a majority thereof, fronting on York street, between Frankford Road and Gunner's Run Canal, to pave the same. May 12th 1858, the City of Philadelphia entered into a written contract with Warthman & Barron for doing the paving on York street between the points above named, in which it is provided that "*the City of Philadelphia shall not be at any expense for the same except for paving the intersections.*" In pursuance of these contracts and ordinance, Warthman & Barron did the paving in front of lot of defendant below, for which they filed the claim in question.

In the centre of said York street there is a strip of ground about twenty-two feet six inches in width, running for several squares, which is curbed on both sides, and filled up for a market place. Upon these places market sheds are only erected for one

[Howell *v.* The City of Philadelphia.]

square, commencing at Frankford Road and ending at Geiss street, which is seven squares above the lot of defendant below. The claim in question was filed for paving the cartway of York street, in front of lot of defendant below, between the curbstone in front of his lot and the curbstone in front of the market place. The space in front of lot of defendant below has never been used for the purpose of a market-house. The City of Philadelphia is not the owner of the soil reserved for said markets, but has only the use thereof for that purpose.

On the trial, the plaintiffs below gave in evidence the claim filed and the petition of the property owners, including the name of the defendant below, for the paving of the said street.

The defendant below gave evidence, showing that along the centre of the said street, on which his lot fronts, there is a curbed space or strip of ground, reserved by the said city, of about twenty-two feet six inches in width, running for several squares, upon certain portions of which are public market sheds or houses, built by the city, and possessed, used, and controlled by them for the purposes of a public market; and contended that the city was bound to pay for the one-half of the street paving, opposite to the market space, occupied and used by them as the reputed owners, and that he was only liable for the remaining half, under the claim filed and the testimony in the case.

The learned judge below was requested by defendant to charge as follows :—

1. That, if the jury believe that the City of Philadelphia has reserved to itself, and possesses for the erection of a public market-house thereon, a space of ground in the centre of York street, opposite defendant's lot, then plaintiffs cannot recover for the value of the entire paving done to the boundary of the said reserved space, but only for one-half thereof between the curb of defendant's lot and the curb or boundary of the city lot.

2. That plaintiffs cannot recover at law for any repairing or resetting of the curb of the said street.

3. That plaintiffs cannot recover for any regulating or measuring of the said work.

4. That plaintiffs cannot recover commissions for collecting the amount of the claim.

5. That, if the work claimed for was not done on the day mentioned in bill of particulars, plaintiffs cannot recover.

6. That the claim filed is defective in not stating the dates wherein the alleged work was done.

The court below affirmed the second, third, and fourth points of defendant, and negatived the first, fifth, and sixth.

There was a verdict and judgment in favour of plaintiffs for $338.88. Whereupon the defendant sued out this writ, and assigned the following matters as cause for reversal :—

[Howell *v.* City of Philadelphia.]

1. The learned judge below erred in admitting in evidence the claim filed in the case.

2. The learned judge below erred in not affirming defendant's first, fifth, and sixth points.

*A. Thompson,* for plaintiff in error, argued, 1. That, under the ruling of this court in The City of Philadelphia *v.* The Philadelphia, Wilmington, and Baltimore Railroad Company, 9 Casey 43, and Schenly *v.* The Commonwealth for the City of Allegheny, 12 Id. 57, the city was bound to pay a *pro rata* share of the paving of that portion of the street between the curb in front of his lot and the curb in front of the market place belonging to the city. 2. That the lien was invalid for want of dates in the bill filed.

*S. T. Vansant,* for defendants in error, contended that the city was not liable, because, 1. The defendant below entered into a contract with Warthman & Barron to do the work, and agreed to pay them one dollar per square yard, not for one-half the paving, but the whole.

2. The contract between the city and Warthman & Barron for doing this paving, expressly provides, that "*the said city of Philadelphia shall not be at any expense for the same, except for paving the intersections.*"

3. All the Acts of Assembly, prior to consolidation, authorized the commissioners of the several districts to pitch and pave upon the petition of a majority of the owners, "*and to tax the owners of the lots bounding thereon to defray the expense.*"

The paving was done in the late district of Richmond. The act, incorporating the district of Richmond, provides, that "*the commissioners shall assess the expenses thereof to the freeholders in front of whose ground such street shall be paved.*"

The 40th section of Consolidation Act of July 4th 1854, provides, that "it may be prescribed by ordinance that paving of streets, *except at the intersections thereof,* within the limits of the city, shall be done at the expense of the *owners of the ground in front whereof such work shall be done,* and liens may be filed by the said city for the same, as is now practised and allowed by law."

The first ordinance on the subject of paving passed by the consolidated city was approved on the 3d of May 1855. It provides, that "whenever the cartway of any public street shall have been paved by authority of councils, the chief commissioner of highways shall furnish to the district surveyor the amount of cost; the surveyor shall assess the cost, make out bills, deliver them to the *owners,* and if the claims are not paid within a certain time they are to be sent to the city solicitor, who shall

[Howell *v.* City of Philadelphia.]

forthwith file claims for and proceed to collect the same, as is now practised and allowed by law."

All the resolutions passed by councils, under this ordinance, authorizing paving to be done, authorize "*the owners of property, or a majority thereof, fronting on the following-named streets,*" containing provisions nearly similar and precisely the same in substance to the resolution, authorizing the paving in question, and all the paving done in the city of Philadelphia since consolidation, has been done under the authority of these resolutions, and no cartway paving has ever been authorized to be done in any other manner.

It is clear that by the terms of the Consolidation Act and of all acts prior thereto, and the ordinance and resolutions of councils passed in pursuance thereof, all paving, *except at the inser-sections, is to be done at the expense of the owners of the ground in front whereof the same shall be done.*

If the city is not owner of the ground, then she is not liable for any paving done thereon. She is not possessed of any freehold, but has merely a right to use the centre of said street, if she sees proper, for the purpose of market-houses: Bay *v.* The Northern Liberties, 7 Casey 71; Board of Health *v.* Gloria Dei, 11 Harris 259; Philadelphia *v.* Philadelphia, Wilmington, and Baltimore Railroad Company, 9 Casey 43.

As to the first assignment of error below, the Act of March 11th 1846 provides, that "such claims may, in suits thereon, be read in evidence of the facts therein set forth." This act has been sustained by the Supreme Court in Kennedy *v.* Board of Health, 2 Barr 366; Northern Liberties *v.* St. John's Church, 1 Harris 104; Thomas *v.* Northern Liberties, 1 Id. 117.

The opinion of the court was delivered by

WOODWARD, J.—The principles of the ruling in the cases of the Board of Health *v.* The Church, 11 Harris 259, and Philadelphia *v.* The Railroad Co., 9 Casey 43, are a sufficient answer to the only error which was thought worthy of a printed argument. Considering that the contracts under which this paving and curbing were done expressly stipulated that the city should not be at any expense for the same, except for paving intersections, it seems strange that the market plat retained by the city, along the centre of York street, should be supposed to impose a liability upon her, even if the doctrine of the adjudged cases above mentioned did not forbid it. Neither upon general principles nor upon the particular facts of this case, is there a shadow of ground for charging the city.

The objection to the lien for want of dates might have been formidable on demurrer, or a motion to strike off, but after pleading to the *scire facias* it must be considered as waived: 12 Casey 348.                                    The judgment is affirmed.