# Caldwell *v.* Carter, Appellant.

*Mechanic's Lien—Lump sum.*

A mechanic's lien cannot be filed by a subcontractor for a lump sum,
with no items of the articles furnished; nor can such a lien be filed by a
contractor, except under an express agreement with the owner.

*Opening judgment—Technical defence.*

Where judgment has been entered upon a scire facias sur mechanic's
lien for want of an affidavit of defence, it will not be opened to admit the
technical defence that the claim was for a lump sum, where there is no
defence on the merits.

Argued Jan. 18, 1893.    Appeal, No. 364, Jan. T., 1892, by
defendant, Joseph H. Carter, from order of C. P. No. 4, Phila.
Co., discharging rule to open judgment.    Before PAXSON,
C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL
and DEAN, JJ.

Scire facias sur mechanic's lien.

The bill of particulars appended to claim was as follows:

"PHILADELPHIA, April 1st, 1891.
"JOSEPH H. CARTER, Owner and Contractor.

To CALDWELL and JOHNSON, Dr.
"1890.
"Aug.  30.—To Paper  Hanging in 16 houses situate
on the north side of Walnut street,
between 51st st. and 52d street, 27th
Ward, Phila., from Aug 30, 1890, to
March 21, 1891, .      .      .      .    $400.00
By cash on account,    .      .      .    .    200.00
                                                ————
Balance due,          .      .      .    $200.00 "

Judgment was entered for want of an affidavit of defence. The court granted a rule to open the judgment, which it subsequently discharged.

*Error assigned* was the order of the court discharging the rule as above.

*W. A. Manderson* for appellant, cited Singerly v. Canley, 26 Pa. 248 ; Noll v. Swineford, 6 Pa. 187 ; Lanman's Ap., 8 Pa. 473.

*Edward S. McIntyre*, for appellees, not heard, cited Church v. Trout, 28 Pa. 153 ; Calhoun v. Mahon, 14 Pa. 56 ; Gray v. Dick, 97 Pa. 142.

PER CURIAM, January 23, 1893 :

This case was affirmed at bar, but we consider it proper to give briefly our reasons for this action.

The claim appears to be defective in that it was for a lump sum with no items of the articles furnished. This cannot be done at all by a subcontractor, nor even by a contractor with the owner, except upon an express contract, which is not averred. But this objection is merely technical and was made too late. The appellant allowed a judgment to be entered against him for want of an affidavit of defence, which is perfectly regular on its face, and no defence is now set up on the merits.

A technical defence on the form of the claim is now too late.

Judgment affirmed.