## J. S. and J. G. Klinefelter *v.* George W. Baum, Appellant.

*Mechanic's lien—Pleading—Defects in claim—Question for jury.*

Where the pleas to a scire facias sur mechanic's lien are non assumpsit, set-off, payment with leave etc., no issue can be raised for the jury on the formal deficiencies of the claim, as such deficiencies are questions of law, and should be raised by demurrer or by motion to strike off the claim.

Pleading to a scire facias operates as a waiver of defects as to dates in the lien.

Argued Oct. 30, 1895. Appeal, No. 137, Oct. T., 1895, by defendant, from judgment of C. P. No. 1, Allegheny Co.,

March T., 1894, No. 165, on verdict for plaintiffs. Before STERRETT, C. J., WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur mechanic's lien. Pleas were non assumpsit, set-off, payment with leave, etc. Before STOWE, P. J.

At the trial counsel for plaintiff offered in evidence the record of mechanic's lien filed at No. 15, March term, 1893.

Objected to as incompetent for the following reasons:

First. The lien on its face shows it was filed December 31, 1892; there is no date or item given at the time of the completion of the contract, as appears upon the face of the lien. The last credit as given upon the face of the lien is payment of money on the 31st of July, $100. The face of the lien shows a payment in excess of the contract price.

Second. On the bill of extras attached to the lien for which this lien is filed, it is for the extras alone; there is not a solitary date or time given from the beginning of the bill to the close at what time any of the work was done or any of the material furnished, in all about eighteen or twenty items of extra work, contrary to the requirements of law which require a specific statement of the dates and times when the work was done, particularly with reference to a bill of extras.

By the Court: The objections are overruled and bill sealed for defendant.

Verdict and judgment for plaintiffs for $950. Defendant appealed.

*Error assigned* was ruling on evidence as above, quoting the bill of exceptions.

*J. J. Miller*, for appellant.—The plea was in effect a demurrer: Fahnestock v. Speer, 92 Pa. 148; act of May 25, 1887.

Nowhere in the testimony is a date given which fixes even approximately a time when any of the extra work was done, or the material therefor was furnished: Philadelphia v. Trout, 28 Pa. 153.

The allegation in the body of a lien, that it was filed for work done and material furnished within six months past, is not in compliance with the requirements of the act of assembly:

Lehman v. Thomas, 5 W. & S. 262; Witman v. Walker, 9 W. & S. 193; McClintock v. Rush, 63 Pa. 203; Church v. Trout, 28 Pa. 153; Knabbs' App., 10 Pa. 186; Rush v. Able, 90 Pa. 153.

*L. K. Porter*, *S. G. Porter* with him, for appellees.—In the case at bar, the pleas being to the scire facias raised only questions of fact, and under such pleas no question as to the deficiency of the claim upon its face could arise : Lee v. Burke, 66 Pa. 336 ; Fahnestock v. Speer, 92 Pa. 148 ; Lybrandt v. Eberly, 36 Pa. 347 ; Howell v. Philadelphia, 38 Pa. 471.

OPINION BY MR. JUSTICE FELL, January 6, 1896 :

The error assigned is to the admission in evidence of the record of the mechanic's lien. The objection urged was based on the insufficiency of the lien as appearing on its face. The plea to the sci. fa. was non assumpsit, set-off, payment with leave, etc.

In Lybrant v. Eberly, 36 Pa. 347, it was held, following Lewis v. Morgan, 11 S. & R. 234, that the formal validity of a mechanic's lien is not put in issue by the plea of payment, and that no issue for the jury could be raised on the formal deficiencies of the claim, as they were questions of law and should be raised by demurrer or by motion to strike off the claim. Following this case it was decided in Howell v. City of Philadelphia, 38 Pa. 471, that pleading to the sci. fa. must be considered a waiver of defects as to dates in the lien. In Lee v. Burke, 66 Pa. 336, the plea was no lien, payment and set-off with leave, and it was said by SHARSWOOD, J.: "It was the issues of fact raised by these pleas that the jury were called and empaneled to try. No question of the sufficiency of the claim upon its face could arise at the trial. That would be an issue of law. There might arise a question of variance between the evidence as offered and the claim as filed and recited in the scire facias, but not whether that claim was regular and sufficient." And he adds that the short plea of no lien was not a demurrer general or special, and raised no question as to defects on the face of the claim filed. There is no conflict between these cases and St. Clair Coal Co. v. Martz, 75 Pa. 384, where it was held that, as the act of assembly gave the plaintiff no such lien as was filed, the fatal error in the claim was not

waived as a merely formal defect by going to trial on the issue of payment; and Fahnestock v. Speer, 92 Pa. 146, where the special plea concluded to the court, and was held to be in effect a demurrer.

The judgment is affirmed.