# E. T. Burrowes Company, Appellant, *v.* Cambridge Springs Company.

*Judgment—Opening judgment—Default—Laches.*

Where a defendant has entered an appearance and permitted a judgment to be entered against him for want of an affidavit of defense, he cannot, after a delay of five years, have the judgment opened on the mere statement by himself that "for some unaccountable oversight no affidavit of defense was filed."

Argued May 17, 1904. Appeal, No. 83, April T., 1904, by plaintiff from order of C. P. Crawford Co., Feb. T., 1898, No. 1, M. L. D., to open judgment in case of The E. T. Burrowes Company v. Cambridge Springs Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was order quoted in the opinion of the Superior Court.

*Alfred G. Church*, for appellant.—It has been held that an unexplained delay of eleven years (1), seven years (2), five years (3), two years (4), seventeen months (5), one year (6), eleven months (7), will be sufficient to justify the court in refusing the relief asked: (1) Lytle v. Forrest, 175 Pa. 408; (2) Reese v. Mahoney, 21 Cal. 305; (3) Bostwick v. Perkins, 4 Ga. 47; (4) People v. Judges, 1 Dougl. 417; (5) Ammerman v. State, 98 Ind. 165; (6) Sanderson v. Dox, 6 Wis. 164; (7) Altman v. Gabriel, 9 N. W. Repr. 633.

If a party knows that a judgment has been rendered against him, he must exercise reasonable diligence in procuring its vacation and his unexcused laches and delay will preclude him from obtaining the relief sought: 1 Black on Judgments, § 313; McCormick v. Hogan, 48 Md. 404; Wade v. DeLeyer, 40 N. Y. Superior Ct. 541; Nichols v. Nichols, 10 Wend. 560.

If the judgment is regular on its face it will never be opened for the purpose of letting in a purely technical defense: 1 Black on Judgments, § 349; Caldwell v. Carter, 153 Pa. 310.

*F. P. Ray*, for appellee.—The court will not reverse an order opening a judgment where testimony has been submitted by the defendant without any having been submitted by the plaintiff; " as on the trial of the case before a jury he has a full opportunity to meet the defense opposed to his claim : " Howie v. Lewis, 196 Pa. 558; Heist v. Tobias, 182 Pa. 442.

OPINION BY ORLADY, J., October 17, 1904:

On November 13, 1897, the plaintiff filed a mechanic's lien and two days later issued thereon a sci. fa., returnable to the first Monday of December following. On November 17, 1897, the attorney of defendant accepted service of the writ " to have the same force and effect as if served personally." On December 8, 1897, the plaintiff by attorney moved for judgment for want of an affidavit of defense, and judgment was entered by the prothonotary for the amount as liquidated, to wit: $762.95.

On December 17, 1902, a rule was granted to show cause " to take off the default and strike off the lien of the alleged judgment and the lien of the mechanic's lien docket." On November 24, 1902, leave was granted by the court to file a præ-

cipe for a sci. fa. sur judgment. The case was placed on the argument list, and after a hearing the court, on July 6, 1903, made an order " that in case defendant confesses judgment in an action of assumpsit in favor of the plaintiff company in a sum equal to the debt and interest on plaintiff's claim as set forth in the mechanic's lien within thirty days from date, the rule in this case is thereupon made absolute, and upon failure to do so within said time the rule is discharged." On July 20, 1903, a confession of judgment was tendered by the president and receiver of the defendant company, pursuant to a decree of court. The plantiff excepted and brings the record here for review.

The case is strikingly barren of facts upon which to consider the appeal. It is conceded that the original judgment was regularly entered. The lien as filed with its bill of particulars is not printed. The petition upon which the rule to show cause is founded and the affidavit thereto are by and in the name of the attorney who accepted service of the original writ. There is no defense in fact alleged, the sum involved being admitted to be correct. The petition is not presented on behalf of the defendant company, its receiver, or by any party to the record. The only reason for relief from the judgment is that " for some unaccountable oversight no affidavit of defense was filed. That while the defendant does not find fault with the claim as rendered, in the judgment of deponent the claim filed is not the subject of a mechanic's lien, and plaintiffs are not entitled to such lien, which appears from an inspection of claim filed." No cause for the delay in making a defense is given, either in the petition or in the testimony taken on the rule to show cause. The contract under which the materials were furnished is not produced, and the receiver of the defendant company was not called as a witness. A number of pertinent facts are stated in the opinion of the court and in the appellee's counter-statement, but they are not brought upon the record and cannot be considered. The proceeding was adverse and regular on its face ; the defendant appeared by his attorney and a judgment was entered for want of an affidavit of defense, and then the case was allowed to rest for five years. After such an unusual lapse of time a valid judgment should be a finality. No fraud is alleged, or that it was surreptitiously obtained.

To strike off or even open a judgment under such circumstances would make its entry the beginning, instead of the end, of legal contest. The defendant had his day in court, has acquiesced in the judgment for five years, and has not presented any sufficient reason for relieving him from his laches : Caldwell v. Carter, 153 Pa. 310 ; Lytle v. Forrest, 175 Pa. 408.

The assignment of error is sustained and the judgment is reversed.