## Brennan v. Kennedy, Appellant.

*Mechanic's lien—Material—Dates of delivery—Amendment—Act of June 4, 1901, Sec. 51, P. L. 453.*

Where the owner and contractor in a mechanic's lien for material are one and the same person, a statement in the lien of the dates in the first and last deliveries is sufficient; but if the claimant wishes to state the dates of the intervening deliveries he may do so by amendment under the Act of June 4, 1901, Sec. 51, P. L. 453.

On the trial of a scire facias sur mechanic's lien for materials the court may under the Act of June 4, 1901, Sec. 5, P. L. 431, submit to the jury the question whether or not a contract made between an owner and reputed contractor, was in fact entered into with one not intended in good faith to be the contractor.

Argued Oct. 11, 1917. Appeal, No. 125, Oct. T., 1917, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1915, No. 4276, M. L. D. on verdict for plaintiffs in case of W. J. Brennan and J. F. Brennan, Copartners, trading as W. J. Brennan & Brother, v. John M. Kennedy, Jr., Owner, Reputed Owner and Contractor. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Scire facias sur mechanic's lien, for materials.
Rule to strike off lien.
Rule to amend lien.
The rule to strike off lien was discharged, and the rule

to amend the claim was made absolute, in an opinion by FERGUSON, J., which was as follows:

"We have before us a rule to strike off the claim because of a failure to show in the bill of particulars the dates of materials, the only dates appearing being the first and the last date. We have also a rule to amend the claim to cure the alleged defect.

"An examination of the claim shows a contract with Kennedy for the materials for a sum stated. Since he is both the owner and contractor, it would seem, under the authorities, that no more particularity is required than is shown in the claim as filed. When the owner is also the contractor, he is presumed to know whether or not he received the materials contracted for. The rule to strike off might well be discharged without amending the claim, but since the claimant asks to amend, the amendment under Section 51 of the Act of 4 June, 1901, P. L. 453, must be made absolute.

"An issue is raised in the answer to the rule to amend as to whether Kennedy was the contractor or not. Since the statutory period of six months has expired, no new party as contractor could be brought in. If Kennedy was not the contractor, a very serious question going to the validity of the claim would arise. This matter could not be determined on a rule, but must remain as one of the questions to be settled by a jury."

At the trial the jury returned a verdict for plaintiff for $147.57. On a rule for a new trial, and for judgment for defendant n. o .v., FERGUSON, J., filed the following opinion:

This is a scire facias sur mechanic's lien claim.

It has been declared by the Supreme Court (Deeds v. Brick Co., 219 Pa. 579, and Wyss-Thalman v. Beaver Valley B. Co., 216 Pa. 435), that the issue in such a proceeding is made up by the writ and the affidavit of defense. In this case, therefore, the issues raised by the affidavit are (a) whether an agreement dated Septem-

ber 2, 1914, and filed of record and stipulating that no liens shall be filed is a bar to the claim; (b) whether the claimants delivered the material referred to in the claim; and (c) whether the terms of a later agreement, dated January 22, 1915, defeat the claim. The real contest, however, was as to the effect of the first agreement referred to. The question as to the delivery of materials was not a serious matter in controversy.

There can be no doubt that Kennedy owned the ground and Enich desired to buy it on advances. Kennedy so testified. Both Kennedy and Enich testified that the lots were to cost $500 each and $700 was to be advanced and mortgages in the amount of $1,200 on each house were to be created and held for Kennedy's use until the houses were completed. Enich was then to take title. This understanding between them was verbal. They had in addition the written agreement which was the ordinary building contract, in which Kennedy was described as owner and Enich as contractor. It contained provisions for the construction of the houses according to plans and specifications deposited with Kennedy and the total amount to be paid Enich as the work progressed, which was fixed at $700 per house. It also contained provisions by which Enich contracted that no mechanic's lien claims would be filed. The clauses in reference to lien claims were most comprehensive and sweeping in scope. The agreement if valid was recorded in ample time before work began to operate as a defense to all claims.

Notwithstanding this agreement the claimants have filed this claim against one house and have filed claims against the other houses. In the claim Kennedy is described as owner and contractor. At trial the contest was over the effect of the covenants against claims. The trial judge instructed the jury that if the agreement was not in good faith one between an owner and contractor it had no legal effect except as between the parties, even though it was properly executed and filed, and that the person named as contractor as to third parties could be

treated as the agent of the owner. This instruction, in view of the evidence, was necessary under the provisions of Section 5 of the Act of 4 June, 1901 (P. L. 431). Kennedy held the title and also the mortgages. Enich was to own the houses when the mortgages were made secure by the improvements or else paid off. How could such an arrangement be consistent with one in which Kennedy was to own the houses in any event, and Enich was to build them for a fixed sum of money? It is idle to argue that the verbal contract could not be enforced. We are not dealing with an effort on the part of Enich to enforce this contract, but are concerned with its effect as regards third parties. The claimants, therefore, were justified in filing the claim against Kennedy as owner and contractor. By the provisions of section five (supra) they were permitted to regard Enich as the agent of Kennedy. The jury had adequate instructions on this phase of the case. The contract was not what it purported to be and its provisions do not operate to defeat the claim.

The second issue raised by the affidavit of defense is that claimants failed to deliver all the material "necessary to complete the said houses." This averment in the affidavit, because of its vagueness, would not have availed to defeat a rule for judgment had this been the only defense set up. If claimants delivered only a part of the materials the failure to deliver all would not necessarily defeat the claim for the value of the materials actually supplied. The claimants offered evidence of their contract and of the deliveries and the prices and no attempt was made to break down the evidence or contradict it in any respect. The defendant relied on the covenant against liens and the amount of the claim was not controverted.

The remaining issue was the failure on the part of claimants to fulfill the contract of January 22, 1915. This matter does not require extended discussion. On that date Kennedy, Enich and one of the claimants made an agreement in writing. It recited that the claimants

"would like in some way to have their account secured." Kennedy agreed to guarantee $1,250 of Enich's bill when certain work was finished.  It was further agreed that Kennedy was to execute and hold "in escrow" a deed to claimants for three of the houses until claimants delivered all of their contract and signed a release of liens. Claimants were to assume "any litigation that might arise from mechanics' liens on the said properties." The last clause doubtless meant if any lien claims were subsequently filed against the three houses that claimants were to take subject to such claims.

These three houses were not finished with the others but the work on them was held back.  A deed for them was tendered and a release of liens demanded and refused.  It is uncontradicted that these three houses were unfinished when the tender was made.  Whether they should have been completed with the other houses or not is not stated in the contract, but it would seem to be the true intent and meaning of the contract that they were to be.  This matter is not important.  The contract is not a covenant against liens.  It recognizes the right to file one (Nice v. Walker, 153 Pa. 123).  Moreover, the claimants were not obliged to accept the houses and execute a release.  The houses were held for their security.  They could accept them if they chose to do so upon condition that the release be delivered, but if they refused the deed there was no obligation to deliver a release.  Neither was there an agreement to accept the houses as payment. Upon this last issue there was no defense made out.

We are of opinion therefore that the defendant has shown no reasons why the verdict should not stand, and the motions for new trial and for judgment for defendant non obstante veredicto must be overruled.

*Errors assigned,* among others, were (1) allowance of amendment;  (7) in overruling defendant's motion for judgment n. o. v.

*Joseph W. Shannon,* for appellant.

*Walter Biddle Saul,* for appellees.

PER CURIAM, March 2, 1918:

The opinions filed by the trial judge in allowing an amendment of the mechanic's lien claim; in overruling the motion for a new trial and for judgment for defendant non obstante veredicto, clearly answer the assignments of error filed by the appellant, and for the reasons therein stated, the judgment is affirmed.