## Steinback's Sons v. Keystone Oil Service Company.

*Mechanics' liens—When sufficiently specific—When lien should not be stricken off—When some items are improperly stated and some are proper— Act of April 17, 1905, P. L. 172.*

1. A mechanic's lien will not be stricken off because no dates when the labor was done or materials furnished are set out and the hours of labor and materials furnished are lumped, where the contract was with the owner of the premises and the claimant was not a sub-contractor and no rights of creditors have intervened, and the dates on which the first and last work was done and materials were furnished are set forth, and where, although the contract was not for a lump sum, it was to do a certain piece of work which required principally a certain kind of materials and appliances.

2. If there are items contained in the bill of particulars for which a mechanic's lien cannot be filed or which are improperly stated, the lien should not be stricken off if other items in it are proper subjects of a mechanic's lien and are properly separated.

Rule to strike off mechanic's lien.   C. P. Lancaster Co., M. L. D. No. 8, page 442.

*Oliver S. Schaeffer*, for rule.

*John A. Nauman, A. Reed Hayes* and *L. J. Durham*, contra.

HASSLER, J., July 7, 1923.—The claimants filed this mechanic's lien on Dec. 6, 1922, against property owned by the defendant in the Borough of Ephrata, this county.   The defendant obtained this rule to strike it off on a petition filed in this court on Jan. 30, 1923.   The reasons stated in the petition why the lien should be stricken off are:   (1) Because the bill of particulars is defective, in that no dates when the labor was done or the material furnished are set out;   (2) because the hours of labor are lumped;   (3) because the materials furnished are likewise lumped.   An examination of the lien shows that a written contract, which is attached to it, was made by the claimants with the owner to erect an oil and service station on its premises, and that the lien, and also the bill of particulars, state that all of the labor and material necessary to erect it were furnished between Nov. 12, 1921, when

the first was furnished, and Jan. 8, 1922, when the last was furnished. It does not set forth each date when labor or material was furnished. In the written contract it is agreed that the plaintiff was to furnish all labor and material necessary for the completion of a gas and oil service station, including certain specified expenses to be incurred in such erection and completion, and the defendant agreed to pay to the plaintiff all expenditures so incurred, with an additional amount of 20 per cent. as plaintiff's compensation. The total amount of such expenditure and compensation was, according to the bill of particulars, $5389.42, upon which payment of $5199.42 has been made, leaving due $190, for which the lien was filed.

The Act of April 17, 1905, § 11, P. L. 172, provides that a claimant shall set forth the amount or sum claimed to be due, and the nature or kind of work done, or the kind and amount of materials furnished, and the time when the materials were furnished, or both, as the case may be. In cases where the contract is made with the owner, only such certainty as to dates is required as will enable the owner to discover during what period the material was delivered and the work done. The Act of 1905 amends the Act of June 4, 1901, P. L. 431, and changed the provision of the earlier act requiring a detailed statement of dates and prices to be attached to the claim.

In Willson v. Canevin, 226 Pa. 362, it is decided that a claimant need not itemize the articles of material furnished, and the prices for each, where there is a contract to do the work for a lump sum, because the Act of 1905 changed the provisions of the Act of 1901 requiring a detailed statement of the prices to be attached to the claim. In Brennan v. Kennedy, 69 Pa. Superior Ct. 77, it is decided that where the owner makes the contract for materials for the erection of a building, a statement in the mechanic's lien of the dates of the first and last deliveries is sufficient. It is said in that case: "When the owner is also the contractor, he is presumed to know whether or not he received the materials contracted for. The rule to strike off might well be discharged without amending the claim, but since the claimant asks to amend, an amendment under section 51 of the Act of June 4, 1901, P. L. 454, must be made absolute." The rule is different where the claimant is a subcontractor: Burrows v. Carson, 244 Pa. 6. Or where creditors intervene: Crane Co. v. Rogers, 60 Pa. Superior Ct. 305.

We are of the opinion that this lien meets all the requirements of the Act of April 17, 1905, § 11, P. L. 172, in that it sets forth the amount claimed, the nature and kind of work done, the kind and amount of material furnished, and the dates on which the first and the last labor and material was furnished, and states that all labor and material was furnished between those dates. The contract was with the owner of the premises, and the claimant was not a sub-contractor. No rights of creditors have intervened. It is true the contract was not for a lump sum, as in Willson v. Canevin, 226 Pa. 362, but it was to do a certain piece of work that required principally a certain kind of materials or appliances, as pumps, tanks and a compressor. All the labor and all the materials furnished for this appears in the bill of particulars, and that is all that the claimant is required to do.

Judge Berkey, in the Courts of Somerset County, in a case between the same parties, not yet reported, wherein the defendant asked to have the lien of the claimant stricken off for the same reasons as those relied on in this case, reached the same conclusion as we do, and refused to strike it off. The same question arose in cases in Westmoreland and Franklin Counties between the same parties, in which the courts struck off the liens, but we do not agree with the conclusions arrived at in those cases.

4 D. & C.

The other reasons why the lien should be stricken off appearing in the brief of the defendant's attorney do not require consideration, as they are not alleged in the petition as reasons to strike off the lien. We do not, however, regard any of them as sufficient cause to strike off the lien. If there are items contained in the bill of particulars for which a mechanic's lien cannot be filed, or which are improperly stated, either because a date is not attached or the whole item is lumped, to use defendant's language, the lien should not be stricken off, if other items in it are proper subjects of a mechanic's lien and are properly separated. Fifty-one hundred and ninety-nine dollars have been paid on account of the labor, services and material furnished by the claimant, and it may be fairly assumed that this paid for all the items in the bill of particulars that are objected to, and that it is only for such that are properly in the lien that the amount claimed, viz., $190, is due. We are satisfied that this lien for the amount claimed to be due meets all the requirements of the act of assembly, and, therefore, discharge the rule to show cause why it should not be stricken off. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.