# Johnson et al. *v.* Kusminsky et al., Appellants.

*Mechanics' liens—Day's labor—"Cost plus" contract—Lumping charges—Waiver.*

1. In a direct proceeding on a mechanic's lien between contractor and owner, the lien will not be held invalidated because the bill of particulars sets forth aggregate sums for day's labor between certain dates, without setting out the actual hours of work done on each separate day.

2. Even if such a charge is improper, the irregularity can be taken advantage of only by demurrer, or motion to strike off the

lien, or by motion to strike out the lumping charges; it is waived by filing an affidavit of defense to the merits.

3. A workman's working time card on which he has made a daily entry of his hours of work is admissible in evidence in a mechanic's lien case, where the accuracy of the card is established by the testimony of the employer's foreman and bookkeeper, and this without calling the workman as a witness.

4. Charges are good if made according to the nature of the business and usages of trade.

5. In a "cost plus" contract, operating expenses are properly included as part of the cost of the material.

6. Where the nature of the case is such that the exact expense of handling material cannot be shown, it may be estimated.

*Appeals—Statement of question involved.*

7. Where, on an appeal, the question of the propriety of a charge in a mechanic's lien case is not embraced in the statement of questions involved the question will not be considered by the appellate court.

Argued October 5, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and and SCHAFFER, JJ.

Appeal, No. 8, March T., 1927, by defendants, from judgment of C. P. Mercer Co., on sci. fa. No. 100, April T., 1922, sur mechanics lien at April T., 1922, No. 27, on verdict for plaintiffs, in case of Emil Johnson et al., doing business as Johnson-Sizer & Co. v. S. H. Kusminsky et al. Affirmed.

Sci. fa. sur mechanic's lien. Before McLAUGHRY, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $4,055.12. Defendants appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Thomas H. Armstrong,* with him *Joseph W. Nelson,* for appellants, cited, as to lumping charges: Burrows

v. Carson, 244 Pa. 6; McFarland v. Schultz, 168 Pa. 634; Brant v. Hartwick, 60 Pa. Superior Ct. 507.

As to inclusion of objectionable items: Lytle, Campbell & Co. v. Somers, Fitler & Todd, 276 Pa. 409.

*C. E. Brockway,* for appellee.—If the lumping charge of time was an error, it has been waived by the filing of the affidavit of defense: Rush v. Able, 90 Pa. 153; Witman v. Walker, 9 W. & S. 183; Mesta Machine Co. v. Furnace Co., 250 Pa. 472; City of York v. Miller, 254 Pa. 436; Howell v. Phila., 38 Pa. 471; Klinefelter v. Baum, 172 Pa. 652; St. Clair Coal Co. v. Martz, 75 Pa. 384; Brennan v. Kennedy, 69 Pa. Superior Ct. 77; Citizen's Bank of Palmerton v. Lasko, 277 Pa. 174; Lybrandt v. Eberly, 36 Pa. 347.

OPINION BY MR. JUSTICE WALLING, November 22, 1926:

In August, 1921, defendants, being desirous of converting their residence in Sharon into a two-family apartment, made a verbal agreement with plaintiffs, who were contractors and builders, to furnish all material and do the work necessary for the purpose. It was to be done at cost plus fifteen per cent, and was started about the first of September and completed in December, 1921. The first bill for $666.07 was presented on September 17th and promptly paid. Other bills presented later, from time to time as the work progressed, were not paid and, after completion, plaintiffs filed a mechanic's lien for the unpaid balance amounting to $3,862.02. A scire facias was issued to which an affidavit of defense was filed and thereon the case was tried, resulting in a verdict and judgment for plaintiffs for approximately the entire amount; defendants have appealed.

Numerous errors are assigned but we find nothing calling for a reversal. No motion was made to strike off the lien and the affidavit of defense went to the merits of the claim and averred, inter alia, that, as part of the verbal contract, plaintiffs guaranteed the entire cost of

the improvement would not exceed $2,500; one of the defendants so testified and said no changes were thereafter made. Defendants' architect prepared a pencil sketch on which the verbal contract was based; but, although present at the making thereof and in court at the trial, was not called as a witness, or his pencil sketch produced. The plaintiff who made the contract, testified there was no guarantee as to total cost but that he estimated such cost, according to the pencil sketch, at from $2,500 to $2,700. He also testified that as the work progressed, numerous changes were made at the direction of defendants and their architect, including a change of rear porches into kitchens, replacing the old front porch with new enclosed porches, making an open stairway, the insertion of French doors, change of partition, etc., which, he said, made a much more expensive job. This branch of the case was for the jury.

In the bill of particulars attached to the lien the hours of labor were stated in the aggregate for and as of the dates of the several bills previously presented to defendants, as above stated. In other words, the first bill included the hours of work theretofore done on the job, and the second bill the hours done between the date of the first and second bills and each bill gave the time as of the date it was presented, not setting out the actual hours of work done each separate day. This, defendants contend, amounted to such lumping charges as invalidated the lien and prevented a recovery thereon. The contention cannot be sustained. It is a direct proceeding between owner and contractor, where the same detailed statement is not required as between owner and subcontractor. In the language of Mr. Justice SIMPSON, speaking for the court in Citizens Bk. of Palmerton v. Lesko, 277 Pa. 174, 178: "The objection to the 'lumped items' in them [the liens] is of no avail, bcause the claimants were not subcontractors, but did their work under contracts with the owners or their agent: Russell v.

Bell, 44 Pa. 471; Murphy v. Bear, 240 Pa. 448." See also Young v. Lyman, 9 Pa. 449.

At most it was an irregularity to be taken advantage of, if at all, by demurrer or motion to strike off the lien, or by a motion to strike out the lumping charges, and was waived by filing an affidavit of defense to the merits. See City of York v. Miller, 254 Pa. 436; Fahnestock et al. v. Speer et al., 92 Pa. 146. A failure to give dates in the lien must be taken advantage of by demurrer or motion to strike off the lien: Howell v. Phila., 38 Pa. 471. The defense of lumping charges, even as against a subcontractor, is technical and does not reach the merits of the case: Caldwell v. Carter, 153 Pa. 310. By going to trial on a plea of payment, the defendant waives the question as to the sufficiency of the lien: St. Clair Coal Co. v. Martz, 75 Pa. 384; and to like import see Kline-felter v. Baum, 172 Pa. 652; Lybrandt et al. v. Eberly, 36 Pa. 347. A mechanic's lien by contractor against owner setting out the first and last items, is sufficient: Brennan v. Kennedy, 69 Pa. Superior Ct. 77. For further elaboration see recent opinion of Judge Fox in Koons v. Harding, 3 Pa. D. & C. 741; also that of Judge HASSLER in Steinbock's Sons v. Keystone Oil Service Company, 4 Pa. D. & C. 559. The Act of April 17, 1905, P. L. 172, amending the Mechanic's Lien Act of June 4, 1901, P. L. 431, omits certain details required by the earlier statute, and thereunder Mr. Justice FRAZER, when in the court of common pleas, held that a lien setting forth the nature and kind of the work done and the dates of the first and last items was good: George H. Soffel Co. v. Jones, 17 Pa. Dist. 790; and see Wilson v. Canevin, 226 Pa. 362. Had the lien been void on its face, as where filed without statutory authority, there might be force in the position that it could be taken advantage of at the trial on the scire facias, on the question of jurisdiction, but that is not this case.

Every workman had a weekly time card on which he made a daily entry of his hours of work. These cards

were approved by the foreman and filed with the bookkeeper at the end of the week. One of the plaintiffs spent several hours each day on the job in question. On proof of the accuracy of the slips by him, by the foreman and by the bookkeeper, they were received in evidence without calling the individual workmen. The time cards were kept in due course of business and, when duly proved, were competent evidence. Plaintiffs paid the workmen according to these cards and should be reimbursed. Charges are good if made according to the nature of the business and the usages of the trade in such business: Singerly v. Doerr, 62 Pa. 9, 14.

Plaintiffs were entitled to recover for the material, whatever made up its cost, including cartage, storage, operating expenses, etc. In other words, so they would lose nothing on the material, and, in addition, recover the fifteen per cent profit on both labor and material. This is especially equitable as one plaintiff spent much time on the job for which the defendants paid nothing. In a cost plus contract, operating expenses are properly included as part of the cost of the material: Lytle, Campbell & Co. v. Somers, F. & T. Co., 276 Pa. 409. Where the nature of the case is such that the exact expense of handling material cannot be shown, it may be estimated. Plaintiffs do not appear to have made excessive charges.

In no aspect of the case could a verdict have been directed for defendants as the materials were duly itemized and plaintiffs could at least recover their cost. The answer to plaintiffs' fourth request merely states the general rule that an itemized bill when retained without objection becomes an account stated. However, as this feature of the charge is not embraced in the statement of questions involved, it need not be considered.

The judgment is affirmed.