## Smith et al. v. Gurley

*Barnhart & Adams*, for plaintiffs.
*Graham, Yost & Meyers*, for defendant.

GREER, J., September 22, 1941.—This action in assumpsit was upon an oral contract to build a residence for defendant for cost plus 10 percent. Defendant, in his first affidavit of defense filed in 1936, denied the contract to be of that nature and averred that it was an oral contract for the sum of $24,355. A later affidavit was filed in 1940 reaverring the original contract and adding that by reason of unskilled workmanship plaintiffs were indebted to defendant in the sum of $1,548.74.

Plaintiffs began and finished the construction of defendant's house in 1927. At different times during construction plaintiffs sent defendant statements of itemized lists of material and labor going into the home. The final statement with the last invoice was submitted in January 1928, and showed a balance demanded by plaintiffs in the sum of $8,333, which sum defendant refused to·pay.

A præcipe for summons in assumpsit issued in 1934 and a statement of claim was filed in 1935, to which was attached as an exhibit an itemized statement of labor and materials showing a total balance due of $7,003 instead of the original demand of $8,333.

Trial ensued on January 5, 1941, at which time defendant. excepted to the amounts set forth as costs on the ground that they did not constitute actual costs but included a profit to plaintiffs. Alleging their inability at first to produce proofs of actual costs, a number of days were fruitlessly spent in obtaining these proofs, and the figures they produced were found to be substantially less than those first offered by plaintiffs. These differences were so material that we feel they

should be repeated at some length, as examples of the shift on the part of plaintiffs: Yellow pine sheathing, asserted by plaintiffs to have cost $45 per thousand, was shown not to have cost in excess of $35 per thousand; no. 2 common yellow pine, $50 per thousand, to have cost $36.85; 8/4ths yellow pine, $50 per thousand, $40.70; no. 2 common white pine, $90 per thousand, $57.75; no. 2 white pine flooring, $90 per thousand, $53.35; western white pine, $200 per thousand, $146.20; birch, $230 per thousand, $205; yellow pine flooring, $85 per thousand, $59.96; white pine flooring, $90 per thousand, $53.35; cypress, $110 per thousand, $71.50; 5/4ths and 8/4ths cypress, $200 per thousand, $112.20; cement, $0.70 per sack, $0.50; hauling, $2 per hour, $1.43.

The variance between the costs as claimed in 1928 to 1935 of $8,333 and of that claimed in 1941 of $7,003 amounts to $1,330, but the disparity is even greater when the original claim of $8,333 is compared with the amount proven at the time of trial of $4,695.36.

These facts, with a multitude of other portions of the evidence which might be adduced, lead us to the conclusion that there never was such a statement rendered defendant or definite demand made upon him which he could have safely paid without having paid more than the indebtedness due plaintiffs.

The attitude of plaintiffs at the trial indicates that there was no real effort made to arrive at definite cost figures until the trial had been under way a number of days. Plaintiffs testified that their original records had been lost in 1936, due to destruction by water, but in the second week of the trial they were able to produce fairly accurate costs, which were more available 13 years before than after the lapse of that time.

The cases cited by plaintiffs in support of their position are not in our opinion at all controlling. Counsel for both plaintiffs and defendant are in agreement that the principal question for our determination is whether

or not the jury should have awarded interest in addition to its verdict on the principal sum due. When interest may properly be recovered is not an easy question to determine. In Brown v. Home Development Co. et al., 129 N. J. Eq. 172, 18 A. (2d) 742, it was said by Woodruff, Vice-Chancellor, quoting an earlier decision in chancery (p. 177) :

" 'There is no subject in the law with reference to which there is greater conflict and confusion in the cases than that of interest.' . . .

" 'Unless a case be found which is a conclusive authority establishing a precedent, the safest way for a court of law or equity is to decide all questions pertaining to interest according to the plainest and simplest considerations of justice and fair dealing.' " Continuing, the chancellor said:

"At common law it has been said, there were no circumstances under which interest could be claimed as a matter of right. According to the modern view, however, there are many circumstances when interest 'goes with the principal as the fruit with the tree.' Interest should be allowed where the conduct of a party merits its allowance against him as for some misconduct, breach of trust, or dereliction of duty, or where the person retains funds belonging to another actually making interest thereon".

In McDermott v. McDermott, 130 Pa. Superior Ct. 127, Judge Parker, then of the Superior Court, says (p. 130) :

"Unless a case be found, which is a conclusive precedent, the safest . . . way for a court is to decide questions pertaining to interest according to a plain and simple consideration of justice and fair dealing. We have been referred to no precedent that is controlling."

It is a familiar rule in this State that, where a definite or liquidated sum of money is unjustly withheld by a debtor, interest is properly demandable and allowable as such. The condition precedent, however, to the

application of this rule, is that there be no fault on the part of plaintiff in alleging his claim. Otherwise he may "forfeit his claim to interest by unreasonable behavior." We are of opinion that the record abundantly shows unreasonable behavior on the part of plaintiffs in their original claim. It is evident then that it is only when a fixed sum is wrongfully withheld from a party to whom it is properly due that such party is entitled to interest: Canuso et al. v. Philadelphia, 326 Pa. 302, 310.

Counsel for plaintiffs in their brief have cited from A. L. I. Restatement of Contracts, §327, pp. 542, 544, but this section does not deal with circumstances similar to those in the case before us, as the illustration given makes plain (p. 548). There the contract was for a fixed sum; here there was no fixed sum, but an un-liquidated and indefinite sum of costs plus 10 percent. The compensation to which a contractor is entitled and the basis for computing the amounts actually spent for labor, materials, and supplies furnished are compara-tively easy of ascertainment, and there are a number of decided cases which furnish the rule to be used by parties in calculating payment during the performance of the work, among them being Lytle, Campbell & Co. v. Somers, Fitler & Todd Co., 276 Pa. 409, and Johnson et al. v. Kusminsky et al., 287 Pa. 425, cited in 17 C. J. S. 827, under the subject of contracts.

Indeed it has been held that, where invoices under such a contract have been padded, no compensation at all is recoverable: 17 C. J. S. 827, citing Green v. Post, 135 Wash. 209, 237 Pac. 307.

The case of The Delaware Insurance Co. v. Delaunie, 3 Binn. 295 (1811), differs from the present case in that the amounts involved were fixed and definite and known to both parties. Shortly before the action was brought an offer had been made by defendant to pay plaintiff a sum certain, but plaintiff demanded a larger sum and refused to take anything less. Under these

circumstances interest was allowed, but in the opinion delivered by Tilghman, C. J., the clear distinction is made on the subject of the payment of interest to the effect that one may forfeit a claim thereto by unreasonable behavior, and furthermore in that in the present case defendant never had the information necessary to determine what was really due plaintiffs until the trial had been under way for several days. In the case just cited the court says the fault does not seem to lie altogether on either side; plaintiff insisted on too much and defendant offered too little, but in our opinion in the present case the fault lay on the part of plaintiffs in not making a proper demand in accordance with the terms of their contract; instead their demand was wholly inequitable and unjust, and if complied with by defendant would have compelled him to pay more than he really owed.

While the action of the jury in allowing interest under all the evidence is in our opinion sufficient to warrant the granting of a new trial, there is also to be considered the basic fact for the first four or five days plaintiffs were enveloped in a fog and unable to determine the law of the case, and when they emerged therefrom their final theory of the law was so contradictory to that on which they first based their offers of evidence as to confuse the jury as to the real nature of the issues involved, with the result that it was unable to decide all the questions pertaining to the subject matter in accordance with the plain and simple considerations of justice and fair dealing.

In our charge we made it sufficiently clear to the jury that if they found the contract to be cost plus 10 percent, and that plaintiffs never rendered a correct statement of the amount due them nor gave opportunity to defendant to ascertain the correct amount, and if they further found that, without this knowledge, which was exclusively in the possession of plaintiffs, defendant was unable to ascertain the correct amount, no interest

should be allowed plaintiffs on the balance due on the cost-plus contract.

The jury disregarded this part of our charge and arbitrarily allowed interest, despite the fact that the evidence clearly showed that at no time had a correct statement of costs been rendered defendant by plaintiffs. Under the circumstances we feel we have the right, and indeed the duty to be incumbent upon us, either to grant a new trial or give plaintiffs opportunity to remit the excess of the verdict over and above the principal sum.

### Decree

And now, September 22, 1941, after argument and due consideration, a new trial is hereby granted defendant unless within 10 days after notice of the filing hereof plaintiffs file a remittitur in which they accept as the verdict the principal sum of $4,696.36 with interest from the date of the original verdict.