**Wetzel v. Covelli**

*Robert E. Campbell*, for plaintiff.
*Henry O. Heiser, 3d*, for defendants.

MacPHAIL, P. J., January 22, 1973.—This matter is before us on preliminary objections filed to a complaint on mechanic's lien. As required by Pennsylvania Rule of Civil Procedure 1656, the complaint incorporates by reference the mechanic's lien claim and has attached thereto a copy thereof as an exhibit. The owners contend that the complaint does not set forth a detailed statement of the kind and character of the labor furnished by subcontractors and the prices charged therefor. The owners also contend that the complaint fails to set forth a detailed statement of the kind and character of the labor the contractor furnished and the prices charged therefor.

The second objection is held to be without merit. The information set forth in the exhibit attached to the complaint is sufficient to inform the owners of the nature of the contractor's claim.

With respect to the first objection, one of the items set forth in the contractor's claim involves S. Schacle. The contractor has charged the owners $761.50 for Schacle's services. Nowhere is the number of hours worked by Mr. Schacle set forth and nowhere is any hourly rate for his services specified. The claim for mechanic's lien states that the charges set forth in the contractor's statement are "fair and reasonable." There is simply no way for the owners to verify that Mr. Schacle's charges are fair and reasonable from the facts as pleaded. The same is likewise true for Mark Slaybaugh for whom the contractor claims $572.40 for floor covering and Steven Hertz for whom the contractor claims $300 for bricklaying.

It is true that Johnson v. Kusminsky, 287 Pa. 425 (1926), cited by the contractor does say that where there is a direct proceeding between the owner and the contractor, the same detailed statement is not required as would be required if the action were between the owner and a subcontractor. However, it will be noted in the Kusminsky case that the total number of hours were set forth but not on a daily basis. It has been held that the specific dates on which the work was performed is not required: Hess v. Houtz, 20 Cumberland 2 (1969). Here, however, we don't have the total number of hours. It will also be noted that in the Kusminsky case the court said that the matter of detail of the claim should have been attacked at the pleading stage which, of course, is precisely what the owners have done here.

The Act of August 24, 1963, P. L. 1175, 49 PS §1503, does require a "detailed statement" and by virtue of

the unique lien status of a mechanic's lien claim, we feel that the owners are entitled to some of the information they seek.

## ORDER OF COURT

And now, January 22, 1973, the owners' preliminary objection no. 1 is sustained. Preliminary objection no. 2 is overruled. The contractor is hereby granted leave to file an amendment to his complaint within 20 days of this order setting forth the number of hours and the hourly rate charged by S. Schacle, Mark Slaybaugh and Steven Hertz.